Jesse James AUSTIN, Jr. and Alice L. Austin, his wife, et al.

v.

JOHNS–MANVILLE CORPORATION, et al.

Civ. A. No. 81–1783.

United States District Court, E. D. Pennsylvania.

Oct. 27, 1981.

---

Norman Perlberger, James R. Kahn, Philadelphia, Pa., for plaintiffs.

Arthur Makadon, James D. Coleman, Philadelphia, Pa., for Raybestos-Manhattan, Inc.

Barbara Pennell, Philadelphia, Pa., for Eagle-Picher, Inc. and J. P. Stevens, Inc.

MEMORANDUM and ORDER

SHAPIRO, District Judge.

This is an action by forty former employees of a General Steel Industries ("GSI") plant in East St. Louis, Illinois, and their spouses, for personal injuries allegedly caused by asbestos products manufactured or sold by the defendant companies. Liability is based on negligence and strict products liability; plaintiffs also allege that defendants conspired to deprive them of adequate warnings concerning the hazards of asbestos when they were exposed to it at GSI and other places of employment in the years 1941 to 1974.

The plaintiffs filed this complaint in April, 1981. None of the plaintiffs reside in the Eastern District of Pennsylvania. Thirty-eight plaintiffs reside in Illinois; two reside in Missouri. The workplace where the cause of action arose is located in Illinois, but it is no longer in operation. No defendant has its principal place of business in Illinois.[1] Two defendants have their principal places of business in Colorado; one in Connecticut; three in Ohio; one in Florida; two in New York; one in North Carolina; and five in Pennsylvania. Now pending are motions of three of the fifteen defendants, J. P. Stevens, Inc., Eagle-Picher Industries, Inc., and Raybestos-Manhattan, Inc.,[2] to transfer this action to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a).[3] For the reasons which follow, the motions are denied.

"It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). The Third Circuit has recently reiterated the importance of the plaintiffs' choice of forum in *Reyno v. Piper Aircraft Co.*, 630

1. See affidavit submitted by plaintiffs' counsel and unchallenged by defendants.

2. Six other defendants had also moved to transfer but withdrew their motions prior to or at oral argument.

3. 28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

F.2d 149 (1980), reversing a district court's dismissal of an action on the ground of forum non conveniens. The factors that are relevant in deciding motions to dismiss for forum non conveniens are the same as those to be used in deciding § 1404(a) motions to transfer. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955).

A plaintiff is generally conceded the choice of forum so long as the requirements of personal and subject matter jurisdiction, as well as venue, are satisfied. He should not be deprived of the advantages presumed to come from that choice unless the defendant clearly adduces facts that "either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience ... or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." A court must balance these private and public interest factors, "[b]ut unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

*Reyno*, 630 F.2d at 159 (footnotes omitted).

The Third Circuit, relying on the Supreme Court's opinion in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, enumerated the relevant factors in *Reyno, supra* at 160. The most important private interest is the relative ease of access to sources of proof. This includes the availability of compulsory process, the cost of obtaining the attendance of unwilling witnesses, and the possibility of viewing the premises. The public interest includes a comparison of court congestion and the benefit of having the case decided by a court familiar with the law of the jurisdiction.

■ In this case, the most important consideration is access to sources of proof. Prosecuting the action will require a discovery program and the factual questions are many. Among them, do the plaintiffs have diseases which are caused by some exposure to a product or products manufactured and/or sold by a defendant or defendants? If so, which company or companies, if any, sold the product or products to plaintiffs' employer? Did any of the companies or the employer know, or should they have known, that these products caused disease in workers exposed to them?

The nature of the factual issues in this case makes it difficult to determine a location most conveniently located to the sources of evidence. A view of the work site in Illinois is not possible because the site has not been in operation since 1974. The plaintiffs and their doctors are for the most part closer to the proposed district of transfer, but they will, in accordance with the Federal Rules of Civil Procedure and the representations of counsel,[4] travel to depositions in Philadelphia at plaintiffs' expense. Evidence on causation may come from expert witnesses selected on a national basis who may have no relation to the Southern District of Illinois. The buyers' records of asbestos product purchases may be at or near the former workplace in Illinois, but the sales records may be more accessible at the sellers' principal places of business located around the country. The selling defendants are as close to the Eastern District of Pennsylvania as to the Southern District of Illinois. The question of the sellers' knowledge or lack of it depends in part on testimony of sellers' employees during relevant years; they are more likely to be near the sellers' principal places of business than the buyers' factory. Finally, plaintiffs' counsel agreed at oral argument to pay for the defendants' reasonable expenses in conducting whatever factual discovery must take place in Illinois and this court has the authority to enforce that agreement.

The parties have not yet adequately addressed which jurisdiction's law will determine the substantive issues of liability even

---

4. See, Affidavit of Norman Perlberger in support of plaintiffs' opposition to motions to transfer, ¶ 3.

if damages are to be determined by the law of Illinois under the doctrine of *depecage.* *See, Broome v. Antlers' Hunting Club,* 595 F.2d 921 (3d Cir. 1979). The record does not seem adequately developed for consideration of applicable law as a determinative factor; Pennsylvania conflicts analysis may require consideration of the laws of more than one jurisdiction to determine the state with greater interest.

Another public interest factor which should be considered is the pendency of a related case. *See, e. g., Van Dusen v. Barrack,* 376 U.S. 612, 644, 84 S.Ct. 805, 823, 11 L.Ed.2d 945 (1964). The instant action is related to *Talley v. Johns-Manville Corp., et al.,* Civil Action No. 81-2731 (E.D.Pa.), which has also been assigned to this judge. *Talley* is an action against the same defendants by three residents of Missouri who also worked at GSI; that case remains in the Eastern District of Pennsylvania and even if transferred might not be transferred to Illinois. The opportunity for consolidating these two related cases would be lost if the instant motion to transfer is granted. Neither does a comparison of the state of the dockets in the Southern District of Illinois and the Eastern District of Pennsylvania favor transfer of this case; prompt disposition is no more likely there than here.

■ The movants must prove *with particularity* the reasons why they are inconvenienced by plaintiffs' choice of forum. Wright, Miller & Cooper, cited approvingly by the court in *Reyno.* 630 F.2d at 160, states:

> The party seeking the [1404(a)] transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this showing rather than on numbers. One key witness may outweigh a great number of less important witnesses. If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied.

15 Wright, Miller & Cooper, Federal Practice & Procedure, § 3851 at 270–71 (1976).

The movants here have not stated with specificity the witnesses who will be inconvenienced by a denial of their motions or other problems in the way of access to proof. Instead, counsel for defendants have strenuously argued that the facts of this case bear no special relation to the Eastern District of Pennsylvania and the only reason it is here is because of plaintiffs' counsel. That may be true, but it is not relevant. Of course, convenience of counsel is not an appropriate consideration. *Solomon v. Continental Life Insurance Co.,* 472 F.2d 1043, 1047 (3d Cir. 1973). However, plaintiffs' choice is and plaintiffs have the option of choosing an inconvenient forum in order to obtain certain counsel or for other reasons. Unless defendants make an affirmative showing of oppressiveness, plaintiffs' choice is not to be examined.

■ Therefore, it is not necessary to consider whether or not the Southern District of Illinois is a district where this action might have been brought. It is undisputed that venue in the Southern District of Illinois is proper if that is the judicial district in which the claim arose, 28 U.S.C. § 1391. However, it has not been established that each of the defendants would have been subject to suit in Illinois. Without a showing of record that there also would be personal jurisdiction in the transferee court over each of the defendants, this court would in any event lack the statutory power to transfer. *Shutte v. Armco Steel Co., supra.*

ORDER

AND NOW, this 27th day of October 1981, following oral argument heard in this matter on September 4, 1981, and for the reasons stated in the accompanying memorandum, it is ORDERED that:

1. The motions of defendants Eagle-Picher, Industries, Inc., J. P. Stevens, Inc., and Raybestos-Manhattan, Inc. to transfer this action to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a) are DENIED.

2. Pursuant to plaintiffs' counsel's offer stated at oral argument, plaintiffs will re-

imburse defendants' counsel for all reasonable expenses incurred in conducting discovery in the Southern District of Illinois. This court will resolve any disputes as to reasonableness of expenses incurred by the defendants in conducting such discovery.

3. To facilitate the orderly and efficient scheduling of depositions and other discovery in the Southern District of Illinois, a discovery conference will be held pursuant to Fed.R.Civ.P. 26 on *December 16, 1981* at *4:30 p. m.* Parties shall file by December 7, 1981 memoranda that would satisfy the requirements of a motion filed pursuant to Rule 26(f). It is contemplated that depositions will be scheduled to minimize trips to Illinois.

4. Plaintiffs shall, within thirty (30) days of the date of this Order, file preliminary pretrial memoranda, pursuant to Local Rule 21(c), briefly addressing, *inter alia*, the proper choice of law on each count of plaintiffs' complaint and the collateral estoppel effect of other asbestosis cases involving the same defendants. Defendants shall have twenty (20) days to file responsive preliminary pretrial memoranda.