Leslie YOUNG, et al., Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES,
INC., et al., Defendants.

A.C. YOUNG, et al., Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES,
INC., et al., Defendants.

Ray OTT, et al., Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES,
INC., et al., Defendants.

Melvin WILLIAMS, et al., Plaintiffs,

v.

FORTY-EIGHT INSULATIONS, INC. et
al., Defendants.

George R. ODER, et al., Plaintiffs,

v.

H.K. PORTER COMPANY, INC., et
al., Defendants.

Charles OWENS, Jr., et al., Plaintiffs,

v.

H.K. PORTER COMPANY, INC., et
al., Defendants.

Josh PHILLIPS, et al., Plaintiffs,

v.

H.K. PORTER COMPANY, INC., et
al., Defendants.

James FRIEND, et al., Plaintiffs,

v.

H.K. PORTER COMPANY, INC., et
al., Defendants.

David L. LUSTER, et al., Plaintiffs,

v.

H.K. PORTER COMPANY, INC., et
al., Defendants.

James R. EPPS, et al., Plaintiffs,

v.

H.K. PORTER COMPANY, INC., et
al., Defendants.

Henry N. and Margaret
ROPER, Plaintiffs,

v.

H.K. PORTER COMPANY, INC., et
al., Defendants.

Maurice LANE, Sr., et al., Plaintiffs,

v.

H.K. PORTER COMPANY, INC., et
al., Defendants.

Vernon W. NOBLE, et al., Plaintiffs,

v.

H.K. PORTER COMPANY, INC., et
al., Defendants.

Louise MILLER, Plaintiff,

v.

ARMSTRONG WORLD INDUSTRIES,
INC., et al., Defendants.

Civ. A. Nos. 3-84-1246-H, 3-84-1256-H,
3-84-1259-H, 3-84-1270-H, 3-84-1436-
H, 3-84-1437-H, 3-84-1441-H, 3-84-
1447-H, 3-84-1449-H, 3-84-1677-H, 3-
84-1679-H, 3-84-1683-H, 3-84-1686-H
and 3-84-1781-H.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 13, 1984.

Brian Weinstein, Baron & Associates, Dallas, Tex., Monroe Kirby, Tyler, Tex., for plaintiffs.

Jim E. Cowles, Clayton E. Devin, Charles A. Green, Cowles & Thompson, Dallas, Tex., for Pittsburgh Corning Corp.

Dan E. Mayfield, Sheehy, Lovelace & Mayfield, Waco, Tex., for Fibreboard.

Don W. Kent, Buchanan, Barnett, Schofield & Kent, Tyler, Tex., for Celotex.

Joe Michael Russell, Smith, Ralston, Russell & Wright, Corsicana, Tex., for Eagle-Picher.

J. Dennis Chambers, Howard Waldrop, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Tex., for Keene.

Tom Henson, Jack Flock, Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, Tyler, Tex., for Nicolet.

Otto A. Ritter, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, Tex., for Unarco.

Jeffrey S. Lynch, Vial, Hamilton, Koch, Tubb & Knox, Dallas, Tex., for Raybestos/Raymark.

Robert B. Thornton, Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, Tex., for Standard.

James T. Foley, Tyler, Tex., for Crown Cork & Seal.

Bill E. Bowers, Shannon, Gracey, Ratliff & Miller, Fort Worth, Tex., for Acands.

Joe Riddles, Joe Riddles & Associates, Dallas, Tex., for Combustion Engineering.

John H. Hall, Strasburger & Price, Dallas, Tex., for GAF.

C. Edward Fowler, Jr., Bailey, Williams, Westfall, Lee & Fowler, Dallas, Tex., for Owens Corning.

G. Duffield Smith, Gardere & Wynne, Dallas, Tex., for Forty Eight.

Richard L. Josephson, Baker & Botts, Houston, Tex., for Owens-Illinois.

J. Carlisle DeHay, Jr., Gary D. Elliston, DeHay & Blanchard, Dallas, Tex., for Armstrong.

John H. Martin, Richard Gray, Thompson & Knight, Dallas, Tex., for Johns Manville.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

These cases are before the Court on numerous Motions of various Defendants to Dismiss for Improper Venue, Motions to Transfer for Improper Venue, Motions to Transfer for *Forum Non Conveniens*, other Defendants' adoptions of these motions, and Plaintiffs' Responses and Supplemental Responses.

These lawsuits are all diversity cases involving injuries allegedly caused by the exposure to asbestos manufactured and marketed by various Defendants. In none of these cases are the Plaintiffs residents of the Northern District of Texas; rather all of the Plaintiffs reside in Alabama or Virginia, where the alleged exposure to asbestos also occurred.

■ Venue is proper in a diversity case under 28 U.S.C. § 1391(a) wherever "all Defendants reside." Residence of corpo-

rate defendants is clarified in 28 U.S.C. § 1391(c):

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Moreover, a corporation which is licensed to do business statewide is a resident of any district within the state pursuant to 28 U.S.C. § 1391(c). *First Security Bank N.A. v. Aetna Casualty and Surety Company,* 541 F.2d 869, 871 (10th Cir.1976); *Williams v. Hoyt,* 372 F.Supp. 1314 (E.D. Tex.1974). All of the Defendants are so licensed. Exhibits A–P, Supplemental Response. All Defendants have registered agents for service of process in Texas, and thus have consented to suit in any federal court within the state. *Neirbo Company v. Bethlehem Shipbuilding Co.,* 308 U.S. 165, 175, 60 S.Ct. 153, 158, 84 L.Ed. 167 (1939).

Although it is permissible to lay venue here, it does not inexorably follow that the case may not be transferred to another district where venue is proper. 28 U.S.C. § 1404(a) reads:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought.

■ A plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed. *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970).

The court in *Austin v. Johns-Manville Corp.,* 524 F.Supp. 1166 (E.D.Pa.1981) faced the same issues in a motion to transfer an asbestos case. Without restating at length that court's analysis, the Court finds the considerations here to be virtually identical.

■ The most important consideration is access to sources of proof. The nature of the factual issues in these cases makes it difficult to determine a location most conveniently located to the sources of evidence. Plaintiffs and their physicians are for the most part closer to the proposed district, but they will, in accordance with the Federal Rules and the representations of counsel, travel to depositions in Dallas at Plaintiffs' expense. Evidence on causation may come from expert witnesses selected on a national basis who may have no relation to the Northern District of Texas. The buyers' records of asbestos purchases may be at or near the former workplaces in Alabama and Virginia, but the sales records may be more accessible at the sellers' principal place of business located around the country. The question of the sellers' knowledge or ignorance turns on the testimony of sellers' then-employees who are more likely to be near the sellers' principal place of business than the buyers' factory.

The parties have not yet conclusively addressed which jurisdiction's law will determine the substantial issues of liability and limitations. The record is not yet adequately developed for consideration of applicable law as a determinative factor.

The interests of prompt disposition are also served by retaining the case on this Court's docket. Counsel in this District have developed a sophisticated and streamlined procedure for discovery and settlement negotiations. This Court will continue to set these cases for trial expeditiously.

Finally, the moving Defendants must prove *with particularity* the reasons why they are inconvenienced by Plaintiffs' choice of forum:

The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this showing rather than on numbers. One key witness may outweigh a great number of less important witnesses. If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what

their testimony will be, the application for transfer will be denied.

15 Wright, Miller & Cooper, *Federal Practice and Procedure* ¶ 3851 at 270–71 (1976).

The movants here have not stated with specificity the witnesses who will be inconvenienced by a denial of their motions or other problems in the way of access to proof. Instead, Defendants have strenuously argued that the facts of these cases bear no special relation to the Northern District of Texas and the only reason they are here is because of Plaintiffs' counsel. While undoubtedly true, this is irrelevant. Although convenience of counsel is not an appropriate consideration, Plaintiffs' choice is and Plaintiffs have the option of choosing an inconvenient forum in order to obtain certain counsel or for other reasons. 524 F.Supp. at 1169. Unless Defendants make an affirmative showing of oppressiveness, Plaintiffs' choices are not to be examined.

Accordingly, the Court is of the opinion that Defendants' various Motions should be, and hereby are, DENIED.

SO ORDERED.