**Deborah K. BOLLER and Thomas R. Rhoades, Plaintiffs,**

v.

**NATIONAL MEDIATION BOARD, Trans World Airlines, Inc., International Association of Machinists and Aerospace Workers, AFL–CIO, Defendants.**

**Civ. A. No. H–86–2348.**

United States District Court, S.D. Texas, Houston Division.

Aug. 29, 1986.

Michael E. Avakian, North Springfield, Va., V. Scott Kneese, Bracewell & Patterson, Houston, Tex., for plaintiffs.

Theodore Hirt and Eugene A. Beatty, U.S. Dept. of Justice, Civ. Div., Washington, D.C. Jeffrey Manners, Houston, Tex., and Joseph Guerrieri, Jr. and John A. Edmond, Guerrieri & Sweeney, Washington, D.C., for defendants.

McDONALD, District Judge.

## MEMORANDUM AND ORDER

In this labor dispute defendant International Association of Machinists and Aerospace Workers, AFL–CIO ("International") moves to consolidate this case with *Trans World Airlines, Inc. v. National Mediation Board, et al.*, C.A. No. H–86–2350. International (joined by defendant National Mediation Board ("NMB")) also moves to transfer this case, under 28 U.S.C. § 1404(a), to the United States District Court for the District of Columbia. Both Motions are GRANTED.

## CONSOLIDATION

Consolidation of actions presenting a common issue of law or fact is permitted as a matter of convenience and economy in administration. The court is given *broad discretion* to decide whether consolidation would be desirable. The consent of the parties is not required. It is for the court to weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause.

7 C. Wright & A. Miller, *Federal Practice and Procedure* § 2383 (1971) (footnotes omitted) (emphasis added); see Fed.R. Civ.P. 42(a).

■ The two cases defendant International seeks to consolidate involve almost identical parties (the only differences are that plaintiffs in the instant suit are not parties in 86–2350 and Trans World Airlines ("TWA") is a defendant in the instant suit and a plaintiff in 86–2350) and focus on the same contested union election. Specifically, plaintiffs in both suits challenge a May 23, 1986 NMB decision that certified that International is the representative of Defendant TWA's passenger service employees; both Plaintiffs allege that NMB's decision to "disenfranchise" temporary flight attendants, which both Plaintiffs claim changed the result of the election, was improper.

As this Court does not foresee any significant inconvenience, delay or expense which would result from consolidation and as the instant case and 86–2350 share issues of law and fact, this Court concludes that the two cases should be consolidated.

A final concern is how the parties should be aligned once these cases are consolidated. In the instant suit plaintiffs named TWA as a defendant. (Plaintiffs' explain that "Plaintiffs joined [International] and TWA solely to enforce its demand for injunctive relief and not for collective bargaining." Plaintiffs' Response to Defendant International Association of Machinists and Aerospace Workers Motion to Consolidate Related Cases 2 (filed July 16, 1986).) However, in 86–2350 TWA is the plaintiff.

As TWA cannot sue itself this Court orders that TWA be removed as a defendant once these cases are consolidated. On the Court's inherent power to realign parties in accord with their true interest see generally 13B C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure* § 3605 (1984) (federal court must align parties according to their true interest before determining diversity of parties); *Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1178 n. 5 (5th Cir.1984) (citing same). Thus, the Motion to Consolidate is GRANTED.

## TRANSFER

In exercising its discretion, the district court should consider the following factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of books and records; (4) the availability of judicial process to compel the attendance of unwilling witnesses, and (5) the possibilities of delay and prejudice if a transfer is granted.... Moreover, it is generally held that the plaintiff's choice of venue is to be given substantial weight. Unless the balance of convenience on burden is strongly in favor of the movant, the plaintiff's choice of forum should not be disturbed.

*Stabler v. New York Times Co.,* 569 F.Supp. 1131, 1137 (S.D.TX.1983) (citations omitted); see 28 U.S.C. § 1404(a). However, "[w]hile in general a plaintiff's choice of forum is entitled to considerable weight ... that choice is accorded less weight when, as in the instant case, '[t]he operative facts of [the] case have no material connection with this district.' *Credit Alliance Corp. v. Nationwide Mutual Insurance Co.,* 433 F.Supp. 688 (S.D.N.Y.1977)." *Mobile Video Serv. v. Nat. Ass'n of Broadcasting,* 574 F.Supp. 668, 671 (S.D.N.Y. 1983) (citation omitted).[1]

In the instant case the second and fifth factors, the convenience of the parties and the possibilities of delay and prejudice, are the most relevant. Because district courts can rarely review the determinations of the National Mediation Board, *BRAC v. Non-Contract Employees,* 380 U.S. 650, 661, 85 S.Ct. 1192, 1198, 14 L.Ed.2d 133 (1965); *Russell v. National Mediation Board,* 714 F.2d 1332, 1337–41 (5th Cir.1983) (only review in "exceptional cases"), it is unlikely that any witnesses (factors 1 and 4) will be called or any books and records (factor 3) will be perused. See also Memorandum of Points and Authorities in Support of Defendants International Association of Machinists' Motion to Transfer Venue 9 (filed June 26, 1986) and Plaintiffs' Response in Opposition to Defendant International Association of Machinists and Aerospace Workers' Motion to Transfer Venue 7, 11 (filed July 16, 1986) which agree on this point. (However, if witnesses or books and records are needed, it seems clear that most of same will be located in Washington, D.C., the alternate forum.)

## I.

■ Convenience of the parties. Plaintiffs in the instant case are natural persons who reside in Houston, Texas. TWA, plaintiff in 86–2350 (and plaintiff in the instant case once 86–2350 is consolidated) has headquarters in New York, New York. The remaining parties, International and NMB have headquarters in Washington, D.C. All parties have retained counsel from the Washington, D.C. area except for TWA, whose counsel is located in New York, New York. Taking judicial notice of the difference in flight times between New York to Washington and New York to

---

**1.** *Young v. Armstrong World Industries, Inc.,* 601 F.Supp. 399 (N.D.TX.1984) (transfer denied) might seem to challenge this reasoning. However, the court in *Young* held that "[t]he most important consideration is access to sources of proof" and found that "[t]he nature of the factual issues in these [asbestos] cases makes it difficult to determine a location most conveniently located to the sources of evidence." *Id.* at 401. In the instant case this consideration does not apply: the case will most likely be decided on a motion for summary judgment, see *infra.,* and no difficult factual issues are present; but, to the extent that factual issues could become important, the sources of evidence are known and they center on the alternative forum.

Houston[2] and the relative frequency of flights on these two routes, this Court concludes that a Washington, D.C. forum is much more convenient.

## II.

Possibility of delay and/or prejudice. Transfer of this action would cause no delay as an action between most of these parties is pending in the alternate forum. The presiding judge has heard disputes between these parties in the past and has already heard a motion for injunctive relief which relates directly to the instant claims.

Indeed, transfer of this action to the District Court for the District of Columbia would likely speed the conclusion of this matter as movant's court docket statistics demonstrate. See Memorandum of Points and Authorities in Support of Defendant International Association of Machinists' Motion to Transfer Venue 10–11 (filed June 26, 1986).

## III.

Connection of operative facts to forum. The only connection this action has to the forum is that the two individual plaintiffs happen to live here. There is no factual nexus between this action and this forum.

## IV.

Conclusion. Because the alternate forum is much more convenient, because there would be no resulting prejudice and, in fact, would likely be *less* delay, and because the weight that must be accorded to plaintiffs' choice is lessened due to the lack of any factual connection between this action and this forum, the Motion to Transfer is GRANTED.

It is, therefore,

ORDERED, ADJUDGED and DECREED that defendants' Motions to Consolidate and to Transfer be GRANTED.

---

2. If the case is transferred TWA will only have to fly to Washington, D.C., not to Houston. In either case two parties, either the instant plaintiffs or International and NMB, will have to fly between Houston and Washington, D.C.