**BANK ONE, N.A., Plaintiff–Counterdefendant,**

v.

**EURO–ALAMO INVESTMENTS, INC., et al., Defendants–Counterplaintiffs.**

**No. Civ.A.3:01–CV–1516–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 8, 2002.

---

Gordon M. Shapiro, Robert M. Behrendt, Jackson Walker L.L.P., Dallas, TX, for plaintiff.

Emerson Banack, Jr., Steven R. Brook, M. Scott Zimmerer, Langley & Banack, Inc., San Antonio, TX, William B. Chaney,

Shawn W. Phelan, Conant, French & Chaney, LLP, Dallas, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

Defendants-counterplaintiffs move to dismiss this declaratory judgment action for lack of diversity jurisdiction or improper venue, or, alternatively, to transfer the case to the Western District of Texas for the convenience of the parties and witnesses. The court denies the motions.

### I

Plaintiff-counterdefendant Bank One, N.A. ("Bank One"), a national banking association, sues defendants Euro–Alamo Investments, Inc. and Euro–Alamo Management, Inc. seeking a declaratory judgment concerning several disputed issues of contract interpretation in connection with Bank One's attempted renewal of an office lease for the Alamo National Building located in San Antonio, Texas. Defendants counterclaim for declaratory judgments regarding related lease renewal issues. Bank One invokes this court's subject matter jurisdiction based on diversity of citizenship, contending it is a citizen of Illinois based on the location of its principal place of business, and that defendants are citizens of Texas because it is the state of their incorporation and of their principal places of business.

Defendants move to dismiss under Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, contending that Bank One is a citizen of Texas under 28 U.S.C. § 1348 because it has a branch office located in Texas. Defendants separately move to dismiss under 28 U.S.C. § 1406(a) for improper venue, arguing that all or a substantial part of the events giving rise to this action occurred in the Western District of Texas. They move in the alternative to transfer the case to the Western District of Texas under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.

### II

Section 1348 prescribes the citizenship of a national banking association. It provides, in pertinent part, that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively *located.*" (emphasis added). There is a split of authority on the question whether a national banking association is a citizen for diversity purposes only of the state where its principal place of business is located or is a citizen of each state in which it has a branch. Defendants rely on a line of cases that starts with *Connecticut National Bank v. Iacono,* 785 F.Supp. 30 (D.R.I. 1992), and holds that citizenship is based on each state in which a branch of the national banking association is located; Bank One cites the other line, which includes the Seventh Circuit's decision in *Firstar Bank, N.A. v. Faul,* 253 F.3d 982 (7th Cir.2001), and a decision of a Fifth Circuit district court in *Baker v. First American National Bank,* 111 F.Supp.2d 799 (W.D.La.2000); and adheres to the narrower view that a national banking association is located only in the state of its principal place of business. The court agrees with the well-reasoned *Firstar Bank*-line and therefore holds that Bank One is a citizen only of Illinois because that is the state of its principal place of business. Because the parties are diverse citizens, defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

### III

Defendants next move to dismiss under § 1406(a) for improper venue. The

statute at issue, 28 U.S.C. § 1391(a)(2), provides that venue is proper *inter alia* in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]"

■ Defendants acknowledge that they bear the burden of demonstrating that venue is improper. *See* Ds. Br. (Venue) at 1–2 (*citing Myers v. Am. Dental Ass'n,* 695 F.2d 716, 724–25 (3d Cir.1982)). They maintain that all or a substantial part of the events giving rise to this action occurred in the Western District of Texas— specifically, San Antonio, Bexar County— "where the premises and all key witnesses are located," except for one witness who resides in Illinois and another who resides in Belgium. *See* Ds. Mot. (Venue) at 4. According to defendants, this lawsuit involves Bank One's attempt to exercise an option to renew a commercial office lease for real property located in San Antonio, Texas, and the case has no connection to the Northern District of Texas except that Bank One's in-house counsel and attorney of record are located in Dallas County. They argue that although some action may have been taken in Dallas ten years ago when the original lease was signed, no actions concerning the attempted renewal occurred in Dallas other than through Bank One's attorneys.

The court holds that the evidence defendants have adduced is insufficient to meet their burden of demonstrating that a substantial part of the events or omissions giving rise to the claim *did not occur* in this district. Defendants simply assert that a substantial part of the relevant events took place in San Antonio, and they offer the conclusion that "no actions (other than through [Bank One's] attorneys) concerning the attempted renewal of the lease occurred in Dallas, Texas." *Id.* But de-

fendants offer no evidence for this general assertion, and they qualify it by admitting that Bank One's attorneys did act in Dallas in their attempts to renew the lease. Given that such renewal negotiations tend to be conducted by attorneys, the distinction between acts by attorneys in contrast with acts by other agents of Bank One is unavailing.

The complaint and affidavit evidence that Bank One has introduced indicate that a substantial portion of the negotiations involving renewal of the lease originated in Dallas County. Bank One attorney William G. Thawley, Esq. ("Thawley") attests to his personal involvement, while in Dallas, in the form of telephone conversations and correspondence concerning such renewal. *See* P.App. (Venue) 1. Thawley also points out that he wrote the letter through which Bank One attempted formally to renew the lease. *Id.* Because this judicial district is one in which occurred a substantial part of the events or omissions giving rise to the claims that Bank One asserts, venue is proper here.

## IV

Defendants move in the alternative to transfer this case to the Western District of Texas under § 1404(a) for the convenience of the parties and witnesses.

■ Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *See Stabler v. N.Y. Times Co.,* 569 F.Supp. 1131, 1137 (S.D.Tex.1983). The court considers several factors in their totality, including (1) plaintiff's choice of forum; (2) the avail-

ability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the accessibility and location of sources of proof; (5) the relative congestion of the courts' dockets; (6) the accessibility of the premises to jury view; (7) the relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit; and (8) the time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial and determination of the case. *See Fletcher v. S. Pac. Transp. Co.,* 648 F.Supp. 1400, 1401 (E.D.Tex.1986); *Greiner v. Am. Motor Sales Corp.,* 645 F.Supp. 277, 278 (E.D.Tex.1986).

 The moving parties bear the burden of proving by a preponderance of the evidence that transfer is appropriate. *See Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966). This requires a particularized showing regarding why transfer is necessary, including identification of key witnesses and the general content of their testimony. *See Young v. Armstrong World Indus., Inc.,* 601 F.Supp. 399, 401–02 (N.D.Tex.1984) (Sanders, J.). Plaintiff's choice of forum is entitled to substantial weight and should be highly esteemed. *See Enserch Int'l Exploration, Inc. v. Attock Oil Co.,* 656 F.Supp. 1162, 1167 n. 15 (N.D.Tex.1987) (Fitzwater, J.). The court may not transfer venue where the result will be merely to shift the burden of the trial from one party to the other. *Id.*

██ Except for two uncited letters that pertain to the lease but that do not address any of the relevant factors, defendants' supporting evidence consists entirely of an affidavit by its president, Steven V. Stendebach ("Stendebach"). To the extent the affidavit addresses the specific factors, defendants cite no specific evidence for the assertions they make about relevant matters, such as the location of witnesses. Additionally, defendants' appended evidence does not support transferring the case to the Western District of Texas. For instance, the affidavit statement that "[t]o my knowledge, the only persons located in Dallas County, Texas, who are personally familiar with [Bank One's] attempted renewal of the subject lease [are] William G. Thawley ... and perhaps Gordon M. Shapiro ...," D.App. (Venue) at 2, is too general and inconclusive to meet the obligation to make a particularized showing why transfer is necessary. There is no evidence of the reliability of Stendebach's knowledge in this regard, nor is such reliability established by other facts alleged in the document.

In sum, defendants' evidence does not sufficiently address the relevant factors and, taken as a whole, does not establish that the convenience of the parties and witnesses will be enhanced by transferring the case to the Western District of Texas.

\* \* \* \* \* \*

Defendants' September 10, 2001 motions to dismiss are denied.

**SO ORDERED.**