Gary **NORTON**, Plaintiff,

v.

**ENCOMPASS SERVICES CORPORATION,** Defendant.

**No. CIV.A.H–03–3267.**

United States District Court, S.D. Texas, Houston Division.

Oct. 24, 2003.

---

Alfredo R. Perez, Weil Gotshal et al, Jeffrey M. Hirsch, Schlanger Mills et al, Marcy E. Kurtz, Bracewell & Patterson, Houston, TX, for Defendant.

D'Metria Benson, Attorney at Law, Craig C. Gant, Gant & Gant PC, Dallas, TX, for Plaintiff.

### MEMORANDUM AND ORDER

ROSENTHAL, District Judge.

Plaintiff, Gary Norton, moves to withdraw the reference from the bankruptcy court to the district court and transfer venue to the Northern District of Texas, Dallas Division, where this suit was originally filed. (Docket Entry No. 2879, Case No. 02–43582). Defendant, Encompass Services Corp. and Encompass Services Holding Corp. (collectively, the "Reorganized Debtors"), has filed a response. (Docket Entry No. 1). Based on the pleadings, the motion and response, the record, and the applicable law, this court GRANTS the motion to withdraw the reference and GRANTS the motion to transfer. The reasons are set out below.

### I. Background

On October 4, 2002, Gary Norton sued Encompass Services Corporation in the Northern District of Texas, Dallas Division, alleging violations of the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 *et seq.*, as well as intentional infliction of emotional distress. (Docket Entry No. 2, ¶ 1). On November 19, 2002, Encompass and its subsidiaries filed volun-

tary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of Texas, Houston Division. (Docket Entry No. 2, ¶ 2). The district court in the Northern District of Texas administratively closed the case. (Docket Entry No. 2, ¶ 4). On December 20, 2002, Norton filed a proof of claim in the bankruptcy proceeding, in the amount of $1.2 million, based on the employment claim and a claim under 11 U.S.C. § 507(a)(4) for contributions to an employee benefit plan. (Docket Entry No. 1, ¶ 2). The debtors filed an objection to the claim. (Docket Entry No. 1, ¶ 3).

On May 28, 2003, the bankruptcy court approved and confirmed the reorganization plan, which became effective on June 9, 2003, dissolving the automatic stay. (Docket Entry No. 2, ¶ 7). Norton moved to withdraw the reference so that the case can be tried in the court where he filed it. The Bankruptcy Court recommended the withdrawal of the reference. (Docket Entry No. 1, ¶ 8). The Reorganized Debtors filed a notice of partial withdrawal of their objection to Norton's proof of claim. (Docket Entry No. 1, ¶ 9). In the notice of partial withdrawal, the Reorganized Debtors clarified that they did not object to the amount of Norton's claim, but did object to the priority Norton had asserted. (*Id.*). The Reorganized Debtors argued that "[b]y withdrawing their objection as to the asserted amount of the Norton Claim, ... [they] eliminated the need to liquidate the amount of the Norton Claim and asserted that the Bankruptcy Court need only allow the Norton Claim in the amount requested by Norton in his proof of claim." (*Id.*).

On August 15, 2003, Norton filed this motion to transfer to the Northern District of Texas. (Docket Entry No. 1, ¶ 10). On August 18, 2003, the Reorganized Debtors filed an amended notice of partial withdrawal of their objections to Norton's claim, clarifying that they based the partial withdrawal on certain assumptions relating to the absence of insurance coverage for the claim. (Docket Entry No. 1, ¶ 11). The Reorganized Debtors argue that due to the withdrawal of their objections to the amount and validity of Norton's claim, no issues remain to be determined with respect to the amount of the claim. According to the Reorganized Debtors, the only issue is the allowance of the claim, which is for the Bankruptcy Court to determine.

Although the Reorganized Debtors argue that Norton has not met his burden for transfer to the Northern District, the Reorganized Debtors state that they do not "strongly object" to a transfer in this event the court grants the motion to withdraw the reference. (Docket Entry No. 1, ¶ 33). In response, Norton argues that to the extent his claim is for more than the insurance retention and deductible amounts, the claim is still unliquidated and should be litigated where he originally filed it, in the United States District Court for the Northern District of Texas.

## II. Analysis

In his motion to withdraw reference to the bankruptcy court, Norton argues that the ADEA and tort claims are not core issues. Norton further contends that his claim is covered by insurance, which is not property of the bankruptcy estate. Although the Reorganized Debtors appear to contest the extent of insurance coverage available for the claim, they have not responded to the argument that because there is a claim that exceeds the amount of any coverage, it is appropriate for resolution in a jury trial in a federal district court. The motion to withdraw the reference is GRANTED.

 The motion to transfer is based on section 1412 of Title 28 of the United States Code, which, like section 1404(a),

authorizes a court to transfer a proceeding to another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. The party seeking to transfer venue bears the burden of showing by a preponderance of the evidence that transfer would be appropriate. *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1390 (2d Cir.1990). The location of the debtor's bankruptcy case is not the only factor that courts have evaluated in considering whether to transfer venue of an adversary proceeding under section 1412. Courts have also considered whether the transfer would promote the economic and efficient administration of the bankruptcy estate, whether the interests of judicial economy would be served by the transfer, whether the parties would be able to receive a fair trial in each of the possible venues, whether either forum has an interest in having the controversy decided within its borders, whether the enforceability of any judgment obtained would be affected by the transfer, and whether the plaintiff's original choice of forum should be disturbed. *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 668 (Bankr. C.D.Cal.2001); *see also In re Bruno's, Inc.*, 227 B.R. 311, 324–25 (Bankr.N.D.Ala. 1998). Courts also consider the location of the plaintiff and the defendant, the ease of access to the necessary proof, the convenience of the witnesses, the convenience of the parties as indicated by their relative physical and financial condition, the availability of the subpoena power for unwilling witnesses, and the expense related to obtaining witnesses. *Bruno's*, 227 B.R. at 325; *see also Larami Ltd. v. Yes! Entertainment Corp.*, 244 B.R. 56, 61 (D.N.J. 2000). Many of these factors are similar to those examined under section 1404(a).[1]

■ When Norton filed this suit, all the parties were located in the Northern District of Texas, where the causes of action accrued. The Reorganized Debtors assert that they no longer operate in Dallas and that their employees no longer reside in Dallas. Norton, however, still lives in Dallas and asserts that potential nonparty witnesses and documents are located there as well.[2]

Norton argues that the convenience of the witnesses supports transfer, but does not identify key witnesses or the general content of their testimony. *See Young v. Armstrong World Industries, Inc.*, 601 F.Supp. 399, 401–02 (N.D.Tex.1984). Norton asserts that he is not required to make such a showing in support of a transfer motion at such an early stage in the litiga-

1. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer a case "to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro–Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D.Tex.2002) (citing *Stabler v. N.Y. Times Co.*, 569 F.Supp. 1131, 1137 (S.D.Tex.1983)). The court considers several factors, including plaintiff's choice of forum; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the accessibility and location of sources of proof; the relative congestion of the courts' dockets; the accessibility of the premises to jury view; the relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit; and the time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial and determination of the case. *Id.* at 811–12 (citing *Fletcher v. S. Pac. Transp. Co.*, 648 F.Supp. 1400, 1401 (E.D.Tex.1986); *Greiner v. Am. Motor Sales Corp.*, 645 F.Supp. 277, 278 (E.D.Tex.1986)).

2. Neither party challenges the ability to receive a fair trial in either forum or to enforce any judgments obtained.

tion. The cases do not support this argument.' *See, e.g., Howard v. Home Depot,* 2003 WL 21435750, *2 (N.D.Tex.2003); *McGinnis v. Eli Lilly and Co.,* 181 F.Supp.2d 684, 686 (S.D.Tex.2002) (holding that defendant must identify key witnesses and summarize their likely testimony to demonstrate why they could not conveniently testify in the district in which the suit had been filed). Nonetheless, the Reorganized Debtors do not dispute the assertion that nonparty witnesses, such as former employees, are located in Dallas. The Reorganized Debtors do not strongly oppose the transfer.

Norton filed this case in the district in which he lives and works and in which the alleged discrimination occurred. Now that the defendant has emerged from bankruptcy, Norton seeks to have the case litigated in the district in which it was originally filed. This court agrees. The motion to withdraw the reference and the motion to transfer are granted. This case is transferred to the Northern District of Texas, Dallas Division.