**In re PILGRIM'S PRIDE CORPORATION,**

Debtor.

Pilgrim's Pride Corporation, Movant

v.

MDL Fair Labor Standards Act Litigation, Respondent.

Civil Action No. 4:09–CV–536–Y.

United States District Court, N.D. Texas, Fort Worth Division.

Sept. 15, 2009.

Joseph F. Postnikoff, Goodrich Postnikoff Albertson & Petrocchi, Fort Worth, TX, for Respondent.

Stephen A. Youngman, Weil Gotshal & Manges LLP, Dallas, TX, for Movant.

## ORDER WITHDRAWING REFERENCE AND GRANTING MOTION TO TRANSFER

TERRY R. MEANS, District Judge.

Pending before the Court is the Report and Recommendation (doc. # 2) issued sua sponte by United States Bankruptcy Judge D. Michael Lynn. After review of the report and recommendation and the underlying motion to transfer, the Court will order the reference of certain estimation proceedings withdrawn and will grant the motion to transfer.

### I. Background

On December 1, 2008, debtor Pilgrim's Pride Corporation ("Pilgrim's") filed its

voluntary petition for chapter 11 bankruptcy. Prior to the filing of the bankruptcy petition, multidistrict litigation was commenced against Pilgrim's in the United States District Court for the Western District of Arkansas. That litigation is styled *Fair Labor Standards Act multidistrict litigation,* MDL Docket No. 1:07–CV–1832. The plaintiffs from the MDL suit have filed proof of claims in the bankruptcy case seeking the same damages as sought in the MDL suit. The plaintiffs in the MDL suit have also sought relief from the automatic stay imposed by 11 U.S.C. § 362(a) so that the MDL suit may proceed.

The bankruptcy court has conducted a hearing on the plaintiffs' motion for relief. At the hearing, the bankruptcy court expressed its concern that, while Pilgrim's anticipates filing a plan of reorganization and obtaining confirmation of such plan prior to the end of 2009, the MDL suit will likely not be tried until mid 2010. Pilgrim's has since filed a Motion to Estimate FLSA Claims (Bankr. doc. # 2559)[1] pursuant to 11 U.S.C. § 502(c). The motion is before the bankruptcy court as a contested matter under Fed. R. Bankr.P. 9014, and, pursuant to that rule, the bankruptcy court has entered an order making Fed. R. Bankr.P. 7087 applicable to the motion and related proceedings.

Addressing the concerns voiced at the hearing on the motion for relief from the stay, the bankruptcy court notes in its report and recommendation that the plaintiffs' claims could be estimated and liquidated under § 502(c) well before the MDL suit goes to trial. And the parties have filed an Agreed Motion to Transfer Venue of the FLSA MDL Claims (Bankr. doc. # 3276) in which the parties seek to have the estimation motion and related proceedings transferred to the Western District of Arkansas. The bankruptcy court has granted the estimation motion in part, but has not addressed either the procedures to be used in estimating the plaintiffs' claims or the motion to transfer. The latter is the subject of this order.

## II. Analysis

Federal Rule of Bankruptcy Procedure 7087 states that "[o]n motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2)." As noted, the bankruptcy court has entered an order making Rule 7087 applicable to the estimation motion. *See* Fed. R. Bankr.P. 9014 (providing that the provisions of Part VII of the Bankruptcy Rules not otherwise applicable to a contested matter may be ordered to apply).

Generally, a Bankruptcy Rule that empowers a "court" to take action authorizes a bankruptcy court to take such action as, under the bankruptcy rules, the term "court" refers to "the judicial officer before whom a case or proceeding is pending." Fed. R. Bankr.P. 9001(4). But although Rule 7087 does not explicitly exclude bankruptcy courts, the rule refers to 28 U.S.C. § 1412 in authorizing transfers. Section 1412 provides "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Thus, in an abundance of caution, the bankruptcy court issued the report and recommendation recommending that the reference of this matter be withdrawn

---

1. References to "Bankr. doc." are to the bankruptcy court's docket in case number 08–45664(DML).

with respect to the estimation motion and related proceedings and that the motion to transfer be granted.

■ After review, and for the reasons stated in this order and in the report and recommendation, the Court will order the withdrawal of the estimation motion and related proceedings. Additionally, the Court will grant the parties' agreed motion to transfer. The disposition of a motion under Rule 7087 is within a court's discretion. *See Enron Corp. v. Arora (In re Enron Corp.)*, 317 B.R. 629, 638 (Bankr. S.D.N.Y.2004). In evaluating such a motion, a court must consider the convenience of the parties and the interests of justice. *See id.* at 638–39.

■ As for the interests of justice, courts take into account how best to administer the bankruptcy estate efficiently, judicial economy, fairness, and timeliness. *See id.* at 639; *see also Norton v. Encompass Servs. Corp.*, 301 B.R. 836, 839 (S.D.Tex.2003). The parties explain in their motion that the MDL suit has been pending before Western District of Arkansas for two years and that, as a result, that court has become familiar with the plaintiffs' FLSA claims. Relatedly, the parties state that, due to this familiarity, the Western District of Arkansas will be able to estimate the plaintiffs' claims much more quickly than the United States Bankruptcy Court for the Northern District of Texas. Additionally, an order has been entered limiting discovery in the estimation proceedings, which will work to further streamline the already expedited estimation process. *See In re Brints Cotton Mktg., Inc.*, 737 F.2d 1338, 1341 (5th Cir. 1984) (noting that estimation procedures allow a bankruptcy court to estimate claims "us[ing] whatever method is best suited to the circumstances"). Thus, transfer of the estimation proceeding will foster timely, efficient, and economic resolution of the matter.

The convenience of the parties also supports transfer. This is evident from the fact that all parties involved in the estimation motion are also involved in the MDL suit and by the fact that the motion to transfer is agreed.

III. Conclusion

Accordingly, the reference of the estimation motion and related proceedings is ORDERED WITHDRAWN. The parties' agreed motion to transfer is GRANTED, and the estimation motion and related proceedings are HEREBY TRANSFERRED to the Honorable Harry F. Barnes of the Western District of Arkansas, El Dorado Division.