**In re Joseph RIPIANZI and Barbara K. Ripianzi, t/a Lords Valley Automotive, Debtors.**

**FRANKLIN FEDERAL SAVINGS & LOAN ASSOCIATION OF WILKES-BARRE, Plaintiff,**

v.

**Joseph & Barbara RIPIANZI and Stephen G. Bresset, Esq., Trustee, Defendants.**

**Bankruptcy No. 5–81–00906. Adv. No. 5–82–0250.**

United States Bankruptcy Court, M.D. Pennsylvania.

Sept. 15, 1982.

Joseph B. Finlay, Jr., Wilkes-Barre, Pa., for plaintiff.

John P. Lawler, Stroudsburg, Pa., for debtors.

Stephen Bresset, Honesdale, Pa., Trustee.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The plaintiff commenced this action seeking a modification of the automatic stay in order to foreclose its mortgage on a certain parcel of real property owned by the debtors. It has moved the Court for summary judgment pursuant to Bankruptcy Rule 756.

Under Rule 56(c) of the Federal Rules of Civil Procedure, which is applicable in this proceeding through Bankruptcy Rule 756, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The courts "are to resolve any doubts as to the existence of genuine issues of fact against the moving parties." *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981); *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981).

The undisputed facts are as follows. The debtors filed for relief under Chapter 7 of the Bankruptcy Code (the Code) on November 13, 1981. The plaintiff commenced an adversary proceeding under § 362(d) of the Code on May 7, 1982, to modify the automatic stay imposed by § 362(a) in order to foreclose its mortgage on a parcel of real property owned by the debtors. The plaintiff's complaint named as defendants the debtors and the trustee in bankruptcy. Although the debtors properly filed an answer to the complaint, the trustee failed to respond and a default judgment was entered against him on June 9, 1982. The debtors were granted a discharge in bankruptcy on April 26, 1982.

The plaintiff moves for summary judgment based on the contention that the automatic stay has been terminated previously as a matter of law due to the discharge of the debtors and the entry of the default judgment against the trustee. The plaintiff relies upon § 362(c) which states as follows:

(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; and

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

In the current dispute both the estate and the debtors have an interest in the property in question. Foreclosure on this property would affect both interests. As of the commencement of the case these interests were protected from foreclosure by the automatic stay of § 362(a). *See, e.g.,* § 362(a)(4) and (5). The automatic termination of the stay as to the estate's interest in the property is governed by § 362(c)(1) while the termination of the stay as to the debtors' interest is controlled by § 362(c)(2). Since both interests are involved in this case, the stay against the property has not been terminated as a matter of law unless the plaintiff has met the requirements of both § 362(c)(1) and (2). The plaintiff contends that the stay protecting the estate's interest in the property is terminated under § 362(c)(1) due to the entry of the default judgment against the trustee. It further contends that the stay against the debtor's interest is terminated under § 362(c)(2)(C)

since the debtors received their discharge under Chapter 7 of the Code several months ago. We agree with the plaintiff's analysis.

Subsection 362(c)(2)(C) governs the automatic termination of the stay as to the debtors' interest in the property and we find that the grant of the discharge in bankruptcy clearly terminated the stay as to that interest. The issue remaining is whether the entry of default judgment against a trustee in an action to modify the automatic stay barring acts against the property of the estate divests the estate of its interest in that property. Under the facts of this case, we find that it does. This result is supported by § 554 of the Code, which states as follows:

"§ 554. *Abandonment of property of the estate.*

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate.

(b) On request of a party in interest and after notice and a hearing the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate.

(c) Unless the court orders otherwise, any property that is scheduled under section 521(1) of this title and that is not administered before a case is closed under section 350 of this title is deemed abandoned.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under subsection (a) or (b) of this section and that is not administered in the case remains property of the estate."

Subsections 554(c) and (d) provide that unless the Court orders otherwise property that is not administered or abandoned remains property of the estate until the case is closed. Since the instant bankruptcy case has not yet been closed and since the property in question has not been administered or abandoned, the property is still property of the estate unless the Court has ordered otherwise. The entry of a default judg-

ment against the trustee in an action for a modification of the automatic stay to foreclose a mortgage will be deemed by this Court an order under § 554(d) divesting the estate of its interest in that property. Consequently, the entry of the default judgment terminated the stay as to the estate's interest in the property pursuant to § 362(c)(1). Since both the trustee and the debtors no longer have an interest in the property the stay is deemed lifted as a matter of law.

Since there is no genuine issue as to any material fact, summary judgment will be awarded to the plaintiff.