In re WHITE BEAUTY VIEW, INC. and Guccini, Inc., Debtors.

George E. CLARK, Jr., Esq., Trustee, Plaintiff,

v.

FIRST STATE BANK, now by merger Merchants Bank, Defendant Third Party Plaintiff,

v.

Leroy GUCCINI, Lois Guccini, Richard Guccini, and Beverly Guccini, Third Party Defendants.

Bankruptcy Nos. 5–83–00544, 5–83–00543.
Adv. No. 5–86–0009.

United States Bankruptcy Court, M.D. Pennsylvania.

Feb. 18, 1987.

George E. Clark, Jr., Scranton, Pa., trustee.

Steven R. Guccini, Hawley, Pa., for Guccinis.

Myles R. Wren, Scranton, Pa., for First State Bank.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The Trustee commenced this proceeding for summary judgment seeking a determination which would allow him to recover from First State Bank, now by merger Merchants Bank, payments made by the debtor-in-possession in order to satisfy a pre-bankruptcy indebtedness. For the reasons provided herein, we grant the Trustee's requested relief.

### FINDINGS OF FACT

After reviewing the briefs and other documents submitted by both parties we make the following findings of fact.[1]

1. On October 11, 1983, White Beauty View, Inc. (hereinafter White Beauty View) and Guccini, Inc. filed a petition for reorganization under Chapter 11 of the Bankruptcy Code.

2. After filing its Chapter 11 proceeding, White Beauty View, while a debtor-in-possession paid or caused to be paid from funds of the debtor to respondent the sum of $2,356.90 pursuant to a Note dated September 1, 1983. The September Note was originally valued at approximately $22,000. Additionally, interest on the September Note has accrued at approximately 12.5%.

3. On November 6, 1980, respondent entered into a mortgage loan contract with Leroy B. Guccini, Lois D. Guccini, Richard E. Guccini, and Beverly Guccini as mortgagors.

---

1. This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

4. According to the terms of the mortgage, the mortgagors received a loan of $84,000, which was to be repayable with interest in monthly installments over a period of 15 years.

5. After filing its Chapter 11 proceeding, White Beauty View paid or caused to be paid to respondent the sum of $29,994.73 on the above mentioned mortgage obligation of Leroy B. Guccini, Richard E. Guccini and their wives.

## DISCUSSION

In addressing the Trustee's motion for summary judgment, we are asked to determine whether certain transfers made by the debtor in possession may be avoided pursuant to § 549 of the Bankruptcy Code. Also, we are asked whether the Trustee may recover such funds for the benefit of the estate pursuant to § 550 of the Bankruptcy Code. In pertinent part, § 549 and § 550 of the Bankruptcy Code provide that:

### § 549. Postpetition transactions

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) made after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

### § 550. Liability of transferee of avoided transfer

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b) or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the equity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

(b) The trustee may not recover under section (a)(2) of this section from—

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

(2) any immediate or mediate good faith transferee of such transferee.

According to Rule 56(c) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding through Bankruptcy Rule 7056, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." *Hollinger v. Wagner Mining Equipment Company*, 667 F.2d 402, 405 (3rd Cir.1981); *Franklin Federal Savings and Loan Association of Wilkes-Barre v. Ripianzi* (In re Ripianzi), 27 B.R. 15 (Bankr.M.D.Pa.1982); *Matter of Swedenborg*, 55 B.R. 820 (Bankr.N.D.Ohio 1985). "In addition, the moving party has the burden of demonstrating the absence of any material factual issue genuinely in dispute." *In re Euro-Swiss International Corporation*, 33 B.R. 872 (S.D.N.Y.1983). The courts must resolve "any doubts as to the existence of genuine issues of fact against moving parties." *Hollinger, supra; Ness v. Marshall*, 660 F.2d 517, 519 (3rd Cir.1981). Furthermore, "[i]nferences to be drawn from the underlying facts contained in evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Company*, 534 F.2d 566, 573 (3rd Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). We find that the Trustee has demonstrated that there are no genuine issues as to any material facts, thereby requiring this court to grant summary judgment to the Trustee in this adversary proceeding brought against First State Bank, now by merger Merchants Bank.

The Bankruptcy Code does not permit the payment, post-bankruptcy, out

of property of the estate, of pre-bankruptcy debts. *In re J.T.L., Inc.,* 36 B.R. 860 (Bankr.E.D.Mo.1984). Nor does the Code generally permit payment of interest, out of property of the estate, accruing post-petition upon unsecured prepetition indebtedness. *Id.* at 862. More specifically, the Trustee may avoid post-petition transfers of property of the bankruptcy estate that are either unauthorized or that are authorized by § 303(f) or § 542(c). 4 *Collier on Bankruptcy,* ¶ 549.02 at p. 549–6 (15th ed. 1984). Transactions under § 303(f) and § 542(c) may be avoided because these sections of the Bankruptcy Code are intended to protect only the transferor. 4 *Collier on Bankruptcy,* ¶ 549.02 at p. 549–6 (15th ed. 1984).

 In this instance respondent argues that the transfers at issue were made in the ordinary course of business and were "value for value transfers" within the purview of the debtor-in-possession status. However, the $2,356.90 was paid to respondent from debtor's funds in order to satisfy an indebtedness that was incurred long before the filing of debtor's bankruptcy petition. These payments cannot be considered transfers "in the ordinary course of business." Additionally, the $29,994.73 paid to respondent on behalf of the Guccini's mortgage obligation was not paid in the ordinary course of business. Rather, it was transferred in compliance with an agreement entered into by the debtors and insiders thereof which had the effect of enhancing the equity value of assets belonging to the insiders at the expense of the debtors' creditors.[1] Thus, we find that the payments at issue were not made in the ordinary course of business.

 The Bankruptcy Code expressly prohibits the transfers involved in this proceeding. Section 363(b) requires that the debtor's property may be used other than in the ordinary course of business only after notice and a hearing. In this adver-

sary proceeding, the debtor-in-possession made post-bankruptcy transfers in order to satisfy its prepetition debts and the prepetition debts of others. Additionally, the court did not authorize the post-petition transfers to First State Bank. The case docket indicates that neither the debtor nor the defendant ever sought permission from the court to make the transfers now sought to be avoided.[2] Thus, after reviewing the briefs and other documents submitted by both parties, we find that the Trustee may avoid the post-petition transfers made by the debtor-in-possession to First State Bank and may recover those funds for the benefit of the estate pursuant to § 550 of the Bankruptcy Code.

## CONCLUSIONS OF LAW

1. The Trustee is entitled to summary judgment and, therefore, may avoid the transfer of $2,356.90 from the debtor-in-possession to First State Bank, now by merger Merchants Bank, and may recover such funds for the benefit of the estate pursuant to § 550 of the Bankruptcy Code.

2. The Trustee is entitled to summary judgment and, therefore, may avoid the transfer of $29,994.73 from the debtor-in-possession to First State Bank, now by merger Merchants Bank and may recover such funds for the benefit of the estate pursuant to § 550 of the Bankruptcy Code.

3. The Trustee is entitled to costs and interests in this adversary proceeding brought against respondent.

---

1. In this instance the debtor argues that the transfers totaling $29,994.73 were rental payments given in return for valuable rental space.

2. Additionally, we see no merit in debtor's argument that the payment at issue should be allowed as "value for value transfers" within the purview of the debtor-in-possession status.