**In re Eugene J. KELLY, t/a Kelly's Restaurant, Debtor.**

**LUZERNE NATIONAL BANK, Movant,**

**v.**

**Eugene J. KELLY, t/a Kelly's Restaurant, Debtor, and Charles Abner, Jr., Trustee, Respondents.**

**Bankruptcy No. 5–92–00051.**

United States Bankruptcy Court, M.D. Pennsylvania.

May 19, 1992.

Michael Cordone, Wilkes–Barre, PA, for Luzerne Nat. Bank, movant.

Larry A. Brand, Wilkes–Barre, PA, for debtor/respondent.

Charles Abner, Jr., Trustee, Berwick, PA.

## ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court is a Motion for Summary Judgment filed by the Movant, Luzerne National Bank, (hereinafter "Movant"). This action was commenced by the filing of a Motion seeking the lifting of the automatic stay in order to complete a foreclosure procedure initiated in the Court of Common Pleas of Luzerne County, Pennsylvania. For the reasons provided herein, we deny Movant's Motion for Summary Judgment.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding through Bankruptcy Rule 7056, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981); *Franklin Federal Savings & Loan Association of Wilkes–Barre v. Ripianzi (In re Ripianzi)*, 27 B.R. 15 (Bankr. M.D.Pa.1982). Additionally, "the moving party has the burden of demonstrating the absence of any material factual issue genuinely in dispute." *In re Euro–Swiss Int'l Corp.*, 33 B.R. 872, 11 B.C.D. 113 (S.D.N.Y.

1983). The plaintiff must "do more than whet the curiosity of the court, he must support vague accusations and surmise with concrete particulars." See *In re Euro–Swiss Int'l Corp.*, citing *Applegate v. Top Associates*, 425 F.2d 92, 96 (2d Cir. 1970). The Third Circuit has made it clear "that courts are to resolve any doubts as to the existence of genuine issues of fact against moving parties." *Hollinger, supra; Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir.1981). In addition, "[i]nferences to be drawn from the underlying facts contained in evidential sources submitted to the trial court must be viewed in light most favorable to the party opposing the motion." *Goodman v. Mead Johnson Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). We find Movant has not met its burden of demonstrating there are no genuine issues as to any material facts requiring this court to grant a summary judgment in its favor.

On or about May 19, 1987, Debtor and his wife, since deceased, executed and delivered a note and mortgage to Movant. The note was in the original amount of One Hundred Sixty Thousand Dollars ($160,-000.00) and was secured by a mortgage dated May 19, 1987 and recorded on May 20, 1987 in Luzerne County at Book 1471, page 1065. Following a default on their obligations under the note and mortgage, the Movant brought an action in mortgage foreclosure at case number 5507–C of 1991 in the Court of Common Pleas resulting in a judgment in foreclosure entered against the Debtor on December 3, 1991. Thereafter, on January 10, 1992, Debtor filed the instant Chapter 13 petition.

Both parties to this Motion have identified the central issue as whether or not the Debtor/Respondent has a right to cure defaults under state law and, consequently, under Section 1322(b)(2) of Chapter 13 of the United States Bankruptcy Code. The Movant alleges that under Section 1322(b), the Debtor has lost its right to cure the mortgage default and, in support, cites the matter of *Matter of Roach*, 824 F.2d 1370, (3rd Cir.1987) and *First National Fidelity Corp. v. Perry*, 945 F.2d 61 (3rd Cir.1991).

The Debtor argues the mortgage falls within the parameters of Section 1322(b)(2) and therefore the default is subject to cure during the life of the Chapter 13 Plan. Debtor also argues that the mortgage in question does not secure the Debtor's principal residence but secures a commercial loan.

Section 1322(b)(2) reads as follows:

Subject to subsections (a) and (c) of this section, the plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

At this point, the court is not convinced by Movant's pleadings and supporting documentation that it is entitled to lift the stay because the Debtor has lost his right to cure his mortgage default under state law as made applicable to bankruptcy proceedings by Section 1322(b)(2). Additionally, an issue exists as to whether or not the mortgage in question is secured by other than real estate. In particular, we note that the security agreement also applies to "rents, royalties, mineral, oil and gas rights and profits, water rights and all fixtures now and hereafter part of the property". See Mortgage Book page 1471 at page 1065. If these were taken as security in addition to the Debtor's realty, this alone may be enough to take the mortgage out of the realm of Section 1322(b)(2).

Consequently, this Court has determined that an evidentiary hearing is needed to determine the nature of the mortgage and the exact property which is subject to the security interest represented by the mortgage. A final hearing will be set on this matter. Movant's Motion for Summary Judgment is hereby denied.

IT IS SO ORDERED.