**In re VACUUM CLEANER CORPORATION OF AMERICA, Debtor.**

**Bankruptcy No. 83–02462G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 27, 1986.

Melvin Lashner, J. Scott Victor, Philadelphia, Pa., for debtor, Vacuum Cleaner Corp. of America.

Norman Ackerman, Philadelphia, Pa., for movant, Cliplight Mfg. Co.

Lawrence J. Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The primary query before us is whether we should grant a creditor relief from the automatic stay so it can institute suit against the debtor for a cause of action that arose after the filing of the petition. Since we conclude that the automatic stay does not bar the commencement of an action against the debtor on a postpetition claim, we will deny the requested relief as unnecessary.

The facts of this controversy are as follows:[1] The debtor has been in the business of selling automatic cord controlled reels suitable for use in vacuum cleaners. The debtor signed a contract with Cliplight Manufacturing Co. ("Cliplight") granting Cliplight the exclusive right to market the debtor's product in Canada. The debtor then filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). The debtor assured Cliplight that the reorganization would have no affect on its relationship with Cliplight, but the debtor later filed a motion to reject its executory contract, which we approved. Cliplight contends that the debtor assured it that the rejection of the executory contract was merely a "housekeeping" measure which would have no actual affect on their contractual dealings. On the basis of the rejection of the executory contract, Cliplight filed three proofs of claim.

Even after the rejection of the contract, Cliplight alleges that it continued to expend funds in expectation of the receipt and distribution of the debtor's product because of the debtor's alleged postpetition deceit and fraud. Cliplight filed the instant motion for relief from the stay in order to commence suit in the federal district court due to this alleged postpetition fraud.

The debtor raises the first issue for consideration which is that Cliplight has no postpetition cause of action since his exclusive remedy lay in the filing of a proof of claim for the rejection of the contract. While it is true that the filing of a proof of claim is the sole recourse on the rejection of an executory contract, Cliplight predicates its cause of action on facts which occurred *after* the rejection of the contract.

■ The predominant issue is whether we should grant Cliplight's motion for relief from the automatic stay so it may institute its suit in district court. In controversy is the automatic stay which bars certain debt collection efforts against a debtor, his property and property of his bankruptcy estate. 11 U.S.C. § 362(a); *Nevada National Bank v. Casgul of Nevada, Inc.* (In Re Casgul of Nevada, Inc.), 22 B.R. 65 (Bankr. 9th Cir.1982). On *pre* petition or *post* petition claims, the automatic stay bars actions against property of the estate or the debtor's property but the automatic stay generally only insulates the debtor against *pre* petition claims. Nevertheless, some aspects of the stay may terminate under § 362(c) while others remain extant. *See, e.g., Franklin Federal Savings & Loan Assoc. of Wilkes-Barre v. Ripianzi* (In Re Ripianzi), 27 B.R. 15 (Bankr.M.D.Pa. 1982). Hence, unless the Code provides otherwise, the automatic stay does not bar the institution of a cause of action against the *debtor* that *arose* after the filing of the bankruptcy petition.

■ Applying these principles to the case before us, the automatic stay does not bar Cliplight from instituting suit against the debtor for the alleged postpetition cause of action. Since the stay does not

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

bar Cliplight's intended course of conduct, it has no need of relief from the stay, and we will accordingly deny the requested relief as unnecessary.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.