**AMPLIFIER RESEARCH CORP.**

v.

**Michael J. HART and the Electro–Mechanics Company.**

**Civ. A. No. 92–2127.**

United States District Court,
E.D. Pennsylvania.

Aug. 20, 1992.

Mark F. Himsworth, Hamburg, Rubin, Mullin & Maxwell, Lansdale, Pa., for Amplifier Research Corp.

Steven D. Johnson, Hecker, Brown, Sherry and Johnson, Maria Frigoletto, Kevin J. Carey, Hepburn, Willcox, Hamilton & Putnam, Philadelphia, Pa., for Michael J. Hart, Electro–Mechanics Co.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This is a defamation case against a bankrupt corporation and its president. The corporation moves to dismiss the complaint on the ground that the automatic stay precludes plaintiff's efforts to interfere with corporate property rights. The individual defendant contends there is no personal jurisdiction over him.

Plaintiff, Amplifier Research Corporation, manufactures a high power antenna known as the AT3000. Defendant, Electro–Mechanics Company ("EMCO"), manufactures another high power antenna known as the EMCO 3107B. Amplifier has sued EMCO and Michael J. Hart, EMCO's president and chairman, for damages arising from the circulation of an EMCO report which compares the two antennas, allegedly defaming Amplifier and interfering with its contractual relations. Amplifier also seeks to enjoin further circulation of EMCO's report.

Defendants move to dismiss the complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction over Hart, and lack of venue. In the alternative, they seek a transfer to the District Court for the Western District of Texas. For the reasons stated below, I will grant defendants' motion to dismiss as to Hart only and deny EMCO's motion to transfer.

## I. Subject–Matter Jurisdiction and the Bankruptcy Stay

### A. 11 U.S.C. § 362(a)(3)

▪ EMCO claims Amplifier's suit is subject to the automatic stay of 11 U.S.C. § 362(a)(3). Three months before publishing the report in question, EMCO filed a voluntary bankruptcy petition under chapter 11 in the United States Bankruptcy Court for the Western District of Texas. Section 362(a)(3) of the bankruptcy code automatically stays "any act to obtain possession of property of the estate ... or to exercise control over property of the estate." EMCO argues that Amplifier's effort to enjoin further publication of the report constitutes an act to "exercise control over" EMCO's property.[1]

I disagree. In 1984, Congress amended section 362(a)(3) to stay not only those acts intended to "obtain possession of" the property of an estate, but also those seeking to "exercise control over" such property. Congress evidently believed that the purpose of staying acts for possession was defeated if plaintiffs were still free to try to control or otherwise direct how the debtor used his property. Clearly at some point, "control" over another's property becomes constructive possession.

I reject EMCO's argument, however, that Amplifier's tort suit is the type of act to "control" EMCO's property that the bankruptcy code intended to stay. What Amplifier seeks to "control"—indeed, enjoin—is the commission of torts. It does not seek to own EMCO's report, determine how EMCO uses its report internally, share in the proceeds of the report, use the report itself, or prevent any legal use of the report. It just wants EMCO to stop its tortious acts, which, according to Amplifier, EMCO commits using something EMCO

---

**1.** Clearly, § 362(a)(1), as opposed to § 362(a)(3), does not bar Amplifier's suit. There is no question Amplifier's cause of action arose after EMCO filed its bankruptcy petition, and section 362(a)(1) stays only:

> the commencement or continuation ... of a judicial ... or other action ... against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case ..., or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case....

It is also clear that Amplifier's claim for damages is not an act to "exercise control over" property of EMCO's estate. It has long been recognized that under the current bankruptcy system created by Congress in 1978 and 1984, causes of action against a debtor which arise post-petition may go forward, unimpeded by the stay. See, e.g., In re Bock Laundry Machine Co., 37 B.R. 564, 567 (Bankr.N.D.Oh.1984) ("The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a debtor's assets."); In re Vacuum Cleaner Corporation of America, 58 B.R. 101, 102 (Bankr.E.D.Pa.1986), ("the automatic stay generally only insulates the debtor against pre-petition claims").

*owns.* But the fact that EMCO owns its report does not make Amplifier's effort to stop its tortious circulation an "act ... to exercise control over property of the estate" for purposes of the bankruptcy stay.

Ultimately, if Amplifier's allegations are true, EMCO has no property right in distributing the report in the first place. If the allegations are false, the injunction will not issue. In either case, the suit need not be stayed by section 362(a)(3), which protects *interests* in a debtor's property, not tortious uses of that property by the debtor.[2]

In *In re Continental Airlines, Inc.*, 61 B.R. 758 (Bankr.S.D.Tx.1986), Judge Bue explained why courts must not stretch or distort the bankruptcy stay to impede post-petition tort claims. Judge Bue was considering section 362(a)(3)'s "obtain property of" clause, rather than its "exercise control over" clause (which was not yet in effect), but the same reasoning applies. Judge Bue wrote:

> Although the definition of property for purposes of the Code is broad, and encompasses all kinds of property, including tangible and intangible property, choses in action, and causes of action, subsection 362(a)(3) does not bar every proceeding hostile to a debtor's claimed interest in property, no matter how intangible, unmatured or unliquidated the debtor's claim, and no matter how indirect the attack upon the estate's interest. The commencement of proceedings based upon a post-petition cause of action against the debtor is generally not encompassed by subsection 362(a)(3)....

*Id.* at 778.

Judge Bue explained the bankruptcy stay was intended "to protect the estate from direct action taken by creditors against a debtor's real or personal property, and to prevent an uncontrolled scramble to liquidate the estate." *Id.* at 777. Neither of

these purposes would be served by applying the stay to this case. Amplifier's request for an injunction makes no direct move on EMCO's real or personal property. Nor is it likely the request will provoke EMCO's creditors to intensify their scramble for EMCO's estate. In fact, if I were to read Amplifier's injunction request as an effort to "exercise control over" EMCO's property, I would effectively permit a bankrupt company which stays in business post-petition to commit torts with impunity, a privilege not afforded to non-bankrupts.

I do not believe the bankruptcy code intended such a bizarre result. The automatic stay does not apply to Amplifier's suit.

Since section 362(a)(3) does not stay the suit against EMCO, it certainly does not stay the suit against Michael Hart, EMCO's president and chairman, who is not even in bankruptcy. Moreover, since Hart will be dismissed for lack of personal jurisdiction, as I will explain below, his stay argument is moot.

**B. 28 U.S.C. § 1334(d)**

█ Still on the question of subject-matter jurisdiction, EMCO argues that under 28 U.S.C. § 1334(d), this court cannot hear this case because the District Court for the Western District of Texas has exclusive jurisdiction. Section 1334(d) states:

> The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

Were this a case about EMCO's "property," the district court in Texas, where EMCO filed for bankruptcy, would have exclusive jurisdiction. But again, this is a suit not about what EMCO owns, but about what it did and may wish to do. As I

---

**2.** EMCO's reliance on *In re Carroll*, 903 F.2d 1266 (9th Cir.1990), strengthens my point. In *Carroll*, the debtor's "property" was a management agreement, originally obtained in his consideration for his interest in his former partnership. Because the management agreement represented the debtor's *interest* in the partnership,

it could not be terminated without a lifting of the stay. Here, however, EMCO holds no ownership "interest" being threatened by Amplifier's action. Either the report is tortious, in which case there is no protectable interest, or it is lawful, and I will not permit Amplifier to "control" it at all.

explained, Amplifier wants to enjoin a tort, not establish an interest in EMCO's property.

Furthermore, as Judge Bue explained in *Continental,* section 1334(d) was not intended to deprive appropriate forums of jurisdiction. He reasoned: "The exclusivity argument"—that jurisdiction is confined to the district court where bankruptcy was filed—"is unpersuasive, because it would render the venue provisions of title 28 virtually meaningless," *supra* at 766. I agree. Moreover, I cannot believe the code intended to protect tortfeasor-debtors from being sued in any forum but the ones *they* chose. Section 1334(d) does not deprive this court of subject-matter jurisdiction.

## II. *Personal Jurisdiction over Michael J. Hart* [3]

■ Hart claims this court lacks personal jurisdiction over him. Based on the evidence presented, I agree. *Time Share Vacation Club Atlantic Resorts, Ltd.,* 735 F.2d 61 (3d Cir.1984), set out the respective burdens on parties litigating a motion to dismiss for lack of personal jurisdiction.

> Once the [personal jurisdiction] defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.... [T]herefore, at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion. Once the motion is made plaintiff must respond with actual proofs, not mere allegations. (Footnote omitted.)

*Id.* at 66–67, n. 9. In its complaint, Amplifier charged Hart and EMCO collectively with defamation and contractual interference. It now relies on those general assertions to argue this court has personal jurisdiction over Hart because Hart issued a report which was calculated to injure Amplifier in Pennsylvania. *See Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (defamation calculated to cause injury to plaintiff in her home

state makes exercise of personal jurisdiction by that state over defendant proper); *Farfield Co. v. C.T. Main Constr., Inc. and J. Scott Searway,* 624 F.Supp. 903 (E.D.Pa.1985) (same). However, *Time Share* requires that Amplifier establish the necessary jurisdictional facts which could give rise to a *Calder* type analysis. Nowhere has Amplifier set forth just what Hart did to subject himself to jurisdiction in this forum. Once Hart contested personal jurisdiction, it became Amplifier's burden to prove that Hart has sufficient ties to Pennsylvania. Amplifier has failed to establish Hart's contacts here either regarding this particular EMCO report, or other, unrelated or independent ties. *See Simkins Corp. v. Gourmet Resources International, Inc.,* 601 F.Supp. 1336 (E.D.Pa.1985) (plaintiff seeking to establish personal jurisdiction over individual corporate officer on basis of tort committed in exercise of corporate duties must prove by preponderance of the evidence that the nonresident officer has independent sufficient forum-related contacts).

I will therefore dismiss the complaint as to Hart. This dismissal does not prejudice Amplifier's right to re-assert jurisdiction should it obtain competent evidence of Hart's contacts to this forum. *See Compagnie Des Bauxites De Guinee v. L'Union,* 723 F.2d 357, 360 (3d Cir.1983).

## III. *Venue*

■ I turn now to EMCO's lack of venue argument, which is unpersuasive for two reasons.

28 U.S.C. § 1391(a) provides that where jurisdiction is founded only on diversity, as it is here, venue lies either in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or (3) a judicial district in which the defendants are subject to personal juris-

---

**3.** F.R.Civ.P. 4(e) permits me to assert personal jurisdiction over a non-resident to the extent Pennsylvania law allows. Pennsylvania lets me exercise jurisdiction to the fullest extent allowed

under the Constitution, *see* 42 Pa.C.S.A. § 5321 *et seq.* Therefore, I will consider Hart's personal jurisdiction argument in light of federal case-law on this question.

diction at the time the action is commenced.

First, clause (2) makes venue proper in this district, since it is here that Amplifier lost business and suffered damages, allegedly because its customers read EMCO's report. Moreover, since Hart has been dismissed and only EMCO remains as a defendant, venue is proper under clause (3) since EMCO does not contend it was not subject to personal jurisdiction in the Eastern District of Pennsylvania at the time Amplifier filed suit. I will not dismiss for lack of venue.

## IV. *Transfer*

■ Finally, I decline to transfer Amplifier's complaint to the Western District of Texas under 28 U.S.C. § 1404(a). While I recognize that EMCO and all its witnesses are in Texas, Amplifier and its witnesses are here. On balance, I am not persuaded that setting aside Amplifier's choice of forum to accommodate EMCO's preferences is in the best interests of justice. I will respect Amplifier's choice of forum and decline to transfer.

## V. *Conclusion*

The bankruptcy stay of 11 U.S.C. § 362(a) does not apply to Amplifier's suit against EMCO. Nor does 28 U.S.C. § 1334(d) deprive this court of subject-matter jurisdiction. To the extent I have discretion to transfer this case, I decline to do so.

However, since Michael J. Hart lacks the contacts to Pennsylvania necessary to subject him to personal suit here, I will dismiss Amplifier's complaint as to Hart only, without prejudice. An order follows.

## ORDER

AND NOW, this 20th day of August, upon consideration of defendants' motion to dismiss and plaintiff's response thereto, it is hereby ordered that:

1. The motion to dismiss of defendant, Michael J. Hart, is granted without prejudice.

2. The motion to dismiss of defendant, The Electro–Mechanics Company, is denied.

3. The motion of defendant, The Electro–Mechanics Company, to transfer this matter to the District Court for the Western District of Texas, is denied.

4. A preliminary injunction hearing will be held Thursday, September 10, 1992, at 2:00 p.m., in Courtroom 6A of the Federal Courthouse, Philadelphia, PA.[1]

---

1. Counsel are reminded that by noon on Wednesday, September 9, 1992, they shall exchange and submit to the court affidavits of all direct testimony. Affiants shall be made available for cross-examination at the hearing, unless counsel agree cross-examination is unnecessary. Counsel shall also exchange and submit copies of each document to be presented at the hearing, as well as requests for findings of fact and conclusions of law. Mr. Himsworth shall submit a proposed order. Trial briefs are permitted but not required.