Donald P. Metzger COOK, Plaintiff,

v.

Mason & Jewel COOK, Defendants.

Adversary No. 97–2017.

United States Bankruptcy Court,
E.D. Michigan,
Northern Division.

Oct. 9, 1997.

H. Dale Cubitt, Bad Axe, MI, for Plaintiff.

James R. Abbey, Caro, MI, for Defendants.

## OPINION REGARDING DEFENDANTS' MOTION FOR TRANSFER AND PLAINTIFF'S MOTION FOR REMAND

ARTHUR J. SPECTOR, Bankruptcy Judge.

### Introduction

The facts giving rise to this dispute were outlined in an opinion entered previously. *See Cook v. Cook*, 215 B.R. 975 (Bankr. E.D.Mich.1997). As explained in that opinion, the Court reserved decision on, and asked the parties to brief, the question of whether the case is subject to removal from state court. For the reasons set forth hereafter, we answer that question in the negative.

### Discussion

Federal law provides that "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C.] section 1334." 28 U.S.C. § 1452(a). The Defendants utilized the foregoing provision in removing this action from Tuscola County Circuit Court. The question is whether this Court does in fact have the requisite jurisdiction over the action.[1] We therefore must turn our attention to § 1334.

Before removal was effected, the Defendants reopened a chapter 11 bankruptcy case which they had filed in the Northern District of California. As the forum for that pending bankruptcy case, the California court has "exclusive jurisdiction of all the property, wherever located, of the debtor ..., and of the property of the estate." 28 U.S.C. § 1334(e). *See generally In re Alabama Fuel Sales Co.*, 45 B.R. 365, 368 (N.D.Ala. 1985) ("[T]he statutory language [in § 1334] was intended to provide jurisdiction ... even after the confirmation of the plan under Chapter 11, so long as the case is still technically pending."). Narrowly stated, then, the issue is whether § 1334(e) deprives this court of jurisdiction for purposes of § 1452(a).

In urging that it does not, the Defendants made two arguments. First, they reasoned that this Court must have jurisdiction, inasmuch as a contrary conclusion would "le[ave] them] with no avenue for removal." Defendants' Brief at p. 2. *Cf. In re Engra, Inc.*, 86 B.R. 890, 893 (S.D.Tex.1988)("If removal were jurisdictionally appropriate only to the

---

1. Although the Plaintiff did not object to removal on these grounds, the Court must nevertheless ascertain whether this matter is properly before it. *See generally, e.g., Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995) ("Subject matter jurisdiction of United States District Courts over bankruptcy matters is set forth in 28 U.S.C. § 1334."); *Insurance Corp.* *of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982)("No action of the parties can confer subject-matter jurisdiction upon a federal court."); *cf. Scherer v. Carroll*, 150 B.R. 549, 552 (D.Vt.1993) ("[Q]uestions regarding abstention and remand may be addressed *sua sponte* by the Bankruptcy Court.").

district where the debtor filed for bankruptcy, removal of proceedings pending in other districts with an eye towards transferring the removed proceeding to the district where the bankruptcy was filed would not be possible . . . ."). This assertion is technically incorrect, since the Defendants could obtain a change of venue of the bankruptcy case from California to this district, thereby making § 1452(a) available as a removal mechanism. *See* 28 U.S.C. § 1412 ("A district court may transfer a case . . . under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.").

Moreover, the Defendants might have been able to invoke the general removal statute, 28 U.S.C. § 1441, to accomplish the same purpose for which they used § 1452(a). *See Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 129, 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995)("There is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy . . . . There is no reason . . . § 1447(d) [which precludes the review on appeal of orders remanding a case removed pursuant to § 1441] and [§ ]1452 cannot comfortably coexist in the bankruptcy context."); *Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, 324 (10th Cir.), *cert. denied,* 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994)("[T]here is no 'positive repugnancy' [between §§ 1441(a) and 1452(a);] . . . the two removal statutes simply overlap.") (quoting *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992), wherein the Court observed: "Redundancies across statutes are not unusual . . . , and so long as there is no 'positive repugnancy' between two laws . . . , a court must give effect to both." (citation omitted)).

In fairness to the Defendants, the Court concedes that resort to change of venue under § 1412 or removal under § 1441 may offer little consolation to the party seeking removal. The former route is rather awkward, and there of course may be plenty of good reasons why the case would best be left where it was filed.

As to the latter route, it may well be that utilization of § 1441 would prove futile for the same reason that removal under § 1452 fails—i.e., no jurisdiction by virtue of § 1334(e). *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over the case removed under § 1441], the case shall be remanded."); *see also Sykes v. Texas Air Corp.,* 834 F.2d 488, 491 (5th Cir.1987) ("Both § 1441 and § 1452 literally apply to every case removed from state court by the defendant because of a related bankruptcy; what we may term 'direct' removal jurisdiction exists under § 1452 and its companion jurisdictional bankruptcy statute § 1334, and 'indirect' bankruptcy removal jurisdiction exists under § 1441, which permits removal of any civil action of which the federal district courts would have original jurisdiction, including bankruptcy actions under § 1334. In other words, there is in every bankruptcy case the potential for both 'direct' § 1452/ § 1334 removal and 'indirect' § 1441/ § 1334 removal."). Thus while the Defendants' assertion regarding their lack of procedural alternatives is overstated, there is nevertheless some force to the argument they make.

Having made this concession, however, the fact remains that the Defendants did not explain why they need § 1452(a) as an "avenue" to protect their rights. If, after all, § 1334(e) means what it seems to mean, then of course the Tuscola County Circuit Court— no less than this Court—is without jurisdiction over the property in question. It therefore would follow that the state-court action should be dismissed for want of jurisdiction (assuming the bankruptcy court is unwilling to abstain—*see infra* n. 2).

The Defendants' second argument was not clearly articulated, but appears to run as follows. In removing the state-court action, the Defendants had the option of using either § 1441 or § 1452. By its terms, the former statute does not require that the "home" district court (i.e., that court which is located in "the district and division embracing the place where [the state action] . . . is pending," 28 U.S.C. § 1441(a)), have original jurisdiction over the action; it is sufficient that

such jurisdiction lie in "the district courts of the United States." *Id.* If only for the sake of statutory harmony, the Defendants reason, § 1452 should be construed in like fashion.

As a preliminary matter, we note that if this latter argument is accepted at face value, then it of course vitiates the Defendants' first argument, to the effect that § 1452 is the only potential basis for removal to this Court.

But there is a more basic problem with the Defendants' allusion to § 1441. The premise underlying their argument is that removal under that statute would obviate the need to assess the implications of § 1334(e). As indicated *supra* p. 920, the validity of that assumption is dubious. Thus neither of the foregoing arguments is compelling.

Although not cited by the Defendants, there are cases which support the view that resort to § 1452(a) in this context is permissible notwithstanding § 1334(e). *See United States Brass Corp. v. California Union Ins. Co.,* 198 B.R. 940, 944 (N.D.Ill.1996), *aff'd in part,* 110 F.3d 1261 (7th Cir.1997); *Amplifier Research Corp. v. Hart,* 144 B.R. 693, 696 (E.D.Pa.1992); *Merchants & Farmers Bank v. Hill,* 122 B.R. 539, 547 (E.D.Ark.1990); *Engra,* 86 B.R. at 893 (Singleton, J.); *In re Continental Air Lines, Inc.,* 61 B.R. 758, 766 n. 14 and accompanying text (S.D.Tex. 1986)(Bue, J.); *In re Rapco Foam, Inc.,* 16 B.R. 765, 768, 8 B.C.D. 857 (Bankr.W.D.Mo. 1982); *In re Coleman American Companies,* 6 B.R. 251, 253–54, 6 B.C.D. 1077, 2 C.B.C.2d 1220 (Bankr.D.Colo.1980). *But see In re Whitehorn,* 9 B.R. 404, 405 n. 2, 7 B.C.D. 394 (Bankr.N.D.Ga.1981); *In re Coleman American Companies,* 8 B.R. 384, 387–89, 7 B.C.D. 127, 6 C.B.C.2d 162 (Bankr.D.Kan.1981). Before explaining the rationale propounded by many of these courts, a brief review of the pre-Code jurisdictional scheme would be helpful.

Prior to the advent of the present-day Code, bankruptcies were governed by the Bankruptcy Act of 1898, 11 U.S.C. § 1 *et seq.* (repealed). As one commentator explained:

The basic distinction under the 1898 Act was between summary and plenary jurisdiction. Summary actions were actions relating to estate administration, dealing with estate property in the court's possession, or in the absence of such possession, where the adverse claimant had given consent to the summary jurisdiction of the court. Plenary actions were conducted by the district court over actions brought by the trustee against parties other than the debtor who had not consented to the bankruptcy court's authority and where the property involved in the dispute was not in the actual or constructive possession of the court. Bankruptcy ... referees ... were ... permitted ... to exercise most of the district court's summary jurisdiction.

Proceedings to resolve disputes over estate property provided one of the focal points for the distinction between plenary and summary jurisdiction since the court's power to resolve a particular dispute in a summary proceeding frequently depended on whether the property that was the subject matter of the dispute was within the actual or constructive possession of the bankruptcy court, or alternatively, whether the adverse claimant had impliedly consented to the summary jurisdiction of the bankruptcy court.... Still other cases depended on the bankruptcy court's initial determination of whether the defendant held a good faith adverse claim or a merely 'colorable' claim to the property, in which case the court could compel turnover of the property in a summary proceeding.

J. Ferriell, *Core Proceedings In Bankruptcy Court,* 56 UMKC L.Rev. 47, 83–84 (1987)(footnotes omitted). Not surprisingly, Congress chose to discard this cumbersome procedure in 1978:

A major impetus underlying this reform legislation has been the need to enlarge the jurisdiction of the bankruptcy court in order to eliminate the serious delays, expense and duplications associated with the current dichotomy between summary and plenary jurisdiction ... [.]

It is the purpose of new section 164 of title 28, United States Code, in conjunction with 28 U.S.C. section 1334 ... to eliminate entirely the present jurisdictional dichotomy between summary and plenary jurisdiction.

S.Rep. No. 989, 95th Cong., 2d Sess. 17–18 (*quoted in In re Harbour,* 840 F.2d 1165, 1177 n. 30 (4th Cir.1988), *vacated,* 492 U.S. 913, 109 S.Ct. 3234, 106 L.Ed.2d 582 (1989)).

In narrowly construing § 1334(d)(which has since been recodified as § 1334(e), and which was originally codified as § 1471(e)), one court asserted that the statute was simply "intended to emphasize the end of the distinction between plenary and summary jurisdiction, and to establish both *in personam* and *in rem* jurisdiction, rather than to establish exclusivity over bankruptcy matters in the reorganization court." *Continental Air Lines,* 61 B.R. at 766. Other decisions share this view. *See United States Brass,* 198 B.R. at 944; *Merchants & Farmers Bank,* 122 B.R. at 547; *Coleman American,* 6 B.R. at 254.

The problem with this line of reasoning, of course, is that the language of § 1334(e) itself gives no inkling that the provision is of such limited reach. (If the statute, so construed, can be said to have any reach at all.) To accept *Continental Air Lines'* hypothesis, one pretty much has to conclude that Congress was grossly negligent in its choice of words. None of the cases cited offer any evidence to support this rather drastic conclusion.

*Continental Air Lines* also suggested that its construction of § 1334 was necessary in order to make sense of the statute:

> The exclusivity argument is unpersuasive because it would render the venue provisions of title 28 virtually meaningless. Exclusivity could mean, as it would in the instant case, that venue would not be proper in the only district with subject matter jurisdiction (Texas) [where the debtor filed its bankruptcy petition], while venue would be proper in a district which lacks jurisdic-

tion ... [i.e., the Northern Mariana Islands, where a lawsuit was filed against the debtor]. Congress could not possibly have intended such a result when fashioning the jurisdiction and venue provisions of title 28.

*Continental Air Lines,* 61 B.R. at 766. *See also United States Brass,* 198 B.R. at 944; *Amplifier Research,* 144 B.R. at 696.

In making this argument, *Continental Air Lines* apparently assumed that § 1334(e) controls over 28 U.S.C. § 1412 (or merely overlooked it). As noted *supra* p. 920, § 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

But there is no obvious reason to suppose that "exclusive" jurisdiction can never be surrendered by the court which has it. Indeed, acceptance of that proposition would mean that § 1412 is an all-but-useless provision: it could only be invoked on those infrequent occasions when the dispute does not involve property of the estate or debtor. The most sensible conclusion, then, is that exclusivity does not preclude a court from transferring a proceeding to a different court. *See* 1 *Norton Bankruptcy Law and Practice 2d* § 4:42 ("Of course, even if the Bankruptcy Court properly has jurisdiction over property pursuant to 28 U.S.C. § 1334(d) [now § 1334(e)], it may share this jurisdiction."); *cf. In re White,* 851 F.2d 170, 173 (6th Cir.1988) (While § 1334(e)(then § 1334(d)) accords exclusive jurisdiction to the bankruptcy court, that court "may suspend its jurisdiction ... [by l]ifting the automatic stay ... to allow divorce proceedings to conclude [in state court].").[2] *But see Coleman American,* 6 B.R. at 253.

---

**2.** *White* appears to endorse the proposition that § 1334(d) [now § 1334(e)] divested the state court of jurisdiction over the divorce proceeding. *See White,* 851 F.2d at 173 (citing with approval a case wherein the court ruled that "once a bankruptcy petition was filed, the admiralty court [which 'had obtained *in rem* jurisdiction over the debtor's ship before the bankruptcy'] was stripped of jurisdiction and it became the exclusive province of the bankruptcy court."). There is arguably some tension between this proposition and the notion that the bankruptcy

court can "re-establish" jurisdiction in the non-bankruptcy forum by lifting the automatic stay pursuant to § 362(d). At least from a theoretical standpoint, then, it might be more accurate to rule that to attain its objective under such circumstances, the bankruptcy court must invoke not only § 362(d), but its power of abstention as well. *See* 28 U.S.C. § 1334(c)(1) ("Nothing in this section [which, of course, includes § 1334(e)] prevents a district court in the interest of justice, or in the interest of comity with

Some courts have argued that § 1334(e) must be narrowly construed in order to avoid a conflict with other statutory provisions:

> The exclusivity argument is ... unpersuasive because it is inconsistent with Section 1334(b), which states that "the district courts shall have original *but not exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" .... As noted in *Directory Int'l, Inc. v. Bates Mfg. Co.,* 91 B.R. 738 (N.D.Tex.1988), "[t]he same non-exclusivity in § 1334(b) that permits state courts to litigate state claims—notwithstanding the language of §§ 1334(a) and (d) [now subparagraph (e)]—allows district courts other than the one in which the title 11 case is filed to adjudicate actions." *Id.* at 740.

*United States Brass,* 198 B.R. at 944. *Cf. Coleman American,* 6 B.R. at 253 (The proposition that § 1334(e) confers exclusive jurisdiction on the home bankruptcy court is incompatible with § 1473 (now § 1409), which under specified circumstances permits or requires that actions commenced by the trustee be filed in a forum other than the home court.).

We agree with the foregoing authorities that the concept of "exclusivity" is somewhat hard to square with §§ 1334(b) and 1409. But these courts over-react to the problem by inferring, in essence, that § 1334(e) means nothing at all.

 With respect to § 1334(b), we believe that the more sensible view is that the jurisdiction granted therein is *not necessarily* exclusive; where jurisdiction is so qualified by another Code provision—such as § 1334(e)—such provision is to be given effect, rather than disregarded as "contrary" to § 1334(b).

As for § 1409, courts should simply apply the familiar rule of statutory construction which holds that specific provisions control over general ones. *See, e.g., Morton v. Mancari,* 417 U.S. 535, 550–551, 94 S.Ct. 2474, 2482–83, 41 L.Ed.2d 290 (1974)("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."). Thus pursuant to § 1334(e), and except as provided elsewhere in the Code (e.g., § 1409), the home court has jurisdiction over property of the debtor and property of the estate to the exclusion of all other courts.

 The removing party must establish "that the court has jurisdiction to hear the" case removed. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993) (per curiam). Because the Defendants failed to meet that burden, an order will enter granting the Plaintiff's motion to remand ... for what it is worth.[3]

---

State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.").

**3.** From what is said here, however, it is our belief that the state court, too, lacks jurisdiction to act on property of the bankruptcy estate.