**LARAMI LIMITED, Plaintiff,**

v.

**YES! ENTERTAINMENT CORPORA-TION, and Infinity Investors Limited, Defendants.**

Civil Action No. 99–2851 (JEI).

United States District Court,
D. New Jersey.

Feb. 3, 2000.

Saul Ewing Remick & Saul by Gary A. Rosen, Philadelphia, PA, for Plaintiff.

Stevens & Lee by Michael J. Fagan, Cherry Hill, NJ, for Infinity Investors Ltd.

## OPINION

IRENAS, District Judge.

Presently before the Court is the motion of defendant Infinity Investors Limited to enforce the automatic stay of 11 U.S.C. § 362(a) or, alternatively, to transfer venue to the United States Bankruptcy Court for the District of Delaware.[1] For the reasons set forth below, this motion is granted in part and denied in part.

### I.

Plaintiff Larami Limited ("Larami") manufactures and sells toy products. One of its top selling products is a line of high powered water guns known as "Super Soakers." On June 17, 1999, Larami filed

---

1. Infinity Investors Ltd. was made a party to this action as a party defendant by the Court's Order of December 3, 1999.

a patent infringement action with this Court claiming that water guns sold by defendant Yes! Entertainment ("Yes!") utilized the patented "expandable bladder technology" developed by Larami and used in the Super Soakers line.[2]

On February 9, 1999, Yes! filed a voluntary bankruptcy petition under Chapter 11 in the United States Bankruptcy Court for the District of Delaware. Subsequently, defendant Infinity Investors Limited ("Infinity") provided debtor-in-possession financing to Yes! pursuant to an agreement between Yes! and Infinity which was approved by the Bankruptcy Court. In July of 1999, Infinity notified Yes! that it was in default of this agreement. Infinity took possession of Yes!'s assets, including the inventory of water guns at issue in this case. Infinity and Yes! remain involved in the ongoing Chapter 11 proceedings before the Bankruptcy Court.

## II.

■ Infinity claims that the instant patent infringement action is subject to the automatic stay provision of 11 U.S.C. § 362(a)(3).[3] Section 362(a) provides in part that:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title . . . operates as a stay, applicable to all entities of—

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

Infinity claims that in filing the present patent infringement suit, Larami is seeking to "exercise control over the property of the estate" within the meaning of 11 U.S.C. § 362(a)(3). After reviewing the relevant case law, the Court concludes that § 362(a)(3) does not bar this Court from entertaining plaintiff's suit for damages, nor would it prevent the Court from issuing an injunction which prevented Yes! from manufacturing and selling the infringing water guns.

■ In its complaint, Larami seeks two forms of relief: money damages in the amount of $100,000.00 and an injunction enjoining Yes! from infringing on its patent. The automatic stay of § 362(a)(3) does not impede a plaintiff's post-petition claim for damages. *See In re Continental Air Lines, Inc.,* 61 B.R. 758, 778 (Bankr. S.D.Tex.1986)("The commencement of proceedings based upon a post-petition cause of action against the debtor is generally not encompassed by subsection 362(a)(3)."); *In the Matter of Garofalo's Finer Foods, Inc. v. First Nat'l Bank of Harvey,* 186 B.R. 414, 436 n. 17 (N.D.Illinois 1995)("The question [ ] is not whether the automatic stay precludes [defendant] from asserting claims for its post-petition overdraft credits (it clearly does not). Rather the question is whether enforcement of these claims is prohibited by the stay."). The patent in contention did not issue until May 25, 1999, more than three months after Yes! filed its petition for bankruptcy. In addition, defendant is seeking damages only for the infringing activity since the patent issued. Therefore, plaintiff's cause of action arose post-petition and § 362(a)(3) does not bar plaintiff from seeking damages before this court.[4] *See In re Tel. Studio Sch. of New*

---

2. The patent concerning this expandable bladder technology was issued on May 25, 1999, as United States Patent No. 5,906,295.

3. Infinity initially argued that both 11 U.S.C. § 362(a)(1) and § (a)(3) were applicable to plaintiff's suit. However, the statute explicitly states that § 362(a)(1) applies to claims that were or could have been brought before the commencement of bankruptcy, not to claims that arise post-petition. Because the

patent at issue in this matter was not approved until May 25, 1999, over three months after Yes! filed for bankruptcy, § 362(a)(1) does not apply to this case.

4. While a post-petition claim for damages is not barred by § 362(a)(3), the execution or attachment of a judgment obtained as a result of a post-petition claim would be barred. Plaintiff may proceed with its claim before this Court, but must apply to the Bankruptcy

*York*, 77 B.R. 411, 412 (Bankr.S.D.N.Y. 1987)("The post-petition infringement claim, by definition, is not protected by 11 U.S.C. § 362.")

■ To determine whether a suit for injunctive relief against Yes! would violate the automatic stay, the Court must decide: (1) whether Yes! has a legal or equitable interest in property which would be affected by the suit; and (2) whether the requested relief would, in effect, "exercise control over" that property.

The bankruptcy estate consists of all "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Courts have held that the definition of estate property is to be construed broadly. *United States v. Whiting Pools Inc.*, 462 U.S. 198, 203, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

Initially, there was some dispute over whether Yes! retained any legal or equitable interest in the property of the estate following Infinity's repossession of Yes!'s assets. However, following a teleconference with the Court on January 7, 2000, the parties have agreed that Yes! retains a right of redemption in the property sufficient to give it a "legal or equitable" interest in the property. Therefore, the Court will proceed to a determination of whether Larami's request for injunctive relief would "exercise control" over the property of the estate.

Infinity argues that Larami's attempt to enjoin the production or sale of the allegedly infringing water guns would "exercise control over" property of the estate within the meaning of § 362(a)(3). The Court disagrees. As originally written, § 362(a)(3) prevented any act to "obtain possession of the property of the estate." In 1984, this section was amended to add the language "or exercise control over."

The apparent purpose of the amendment was to prevent industrious plaintiffs from avoiding the prohibition on "possessing" property by assuming control over the property. *See Amplifier Research Corp. v. Hart*, 144 B.R. 693, 694 (E.D.Pa.1992)("Congress evidently believed that the purpose of staying acts for possession was defeated if plaintiffs were still free to try to control or otherwise direct how the debtor used his property."). The amended version of § 362(a)(3) is in keeping with the broader purpose of § 362(a) to "protect the estate from direct action taken by creditors against a debtor's real or personal property, and to prevent an uncontrolled scramble to liquidate the estate." *In re Continental Air Lines*, 61 B.R. at 777.

At its core, plaintiff's suit is an attempt to prevent allegedly unlawful conduct, not an attempt to directly exercise control over the property of the bankruptcy estate. Larami seeks to prevent Yes! from infringing on its patented water gun design. Larami does not seek to seize control of any of Yes!'s inventory or equipment. Indeed, Larami agrees that Yes! will remain in possession of the existing inventory and that it will be free to modify the water guns in order to avoid future infringement. (Supp.brief, 3).

In *Amplifier Research Corp.*, 144 B.R. 693, the plaintiff brought a defamation suit against a bankrupt corporation and its president. Plaintiff claimed that a newsletter circulated by defendants defamed it and interfered with its contractual relations. The corporate defendant moved to dismiss the complaint on the ground that the automatic stay of § 362(a)(3) precluded any interference with a debtor's property rights. The Court held that plaintiff's request for injunctive relief did not attempt

---

Court for release from the stay in the event that it seeks to satisfy a judgment from property of the bankruptcy estate. *See Bellini Imports v. Mason and Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir.1991)("Because attachment or execution of a judgment obtained as

a result of a post-petition claim would fall within the stay provision of subsections 362(a)(3) and (4), a creditor must obtain relief from the stay to satisfy a judgment against property of the bankruptcy estate.").

to exercise control over the property of the estate; plaintiff merely sought to control the commission of future torts. The Court reasoned that if plaintiff's allegations were true, defendant had no property right in distributing the defamatory report, and if plaintiff's allegations were false, a permanent injunction would not issue. The Court concluded that § 362(a)(3) "protects interests in a debtor's property, not tortious uses of that property by the debtor." *Id.* at 695.

■ This Court agrees with the reasoning of the Court in *Amplifier.* Section 362(a)(3) was intended to prevent interference with a bankruptcy court's orderly disposition of the property of the estate, it was not intended to preclude post-petition suits to enjoin unlawful conduct. If this section were read to prevent the injunctive relief sought here, bankrupt businesses which operated post-petition could violate patent rights with impunity. *Id.* The Court declines to read § 362(a)(3) so broadly. *See United States v. Inslaw, Inc.,* 932 F.2d 1467, 1473 (D.C.Cir. 1991)("The object of the automatic stay provision is essentially to solve a collective action problem—to make sure that creditors do not destroy the bankrupt estate in their scramble for relief. Fulfillment of that purpose cannot require that every party who acts in resistance to the debtor's view of its rights violates § 362(a) . . . .") (citation omitted); *see also Bambu Sales, Inc. v. Sultana Crackers, Inc.,* 683 F.Supp. 899, 917 (E.D.N.Y.1988)("The Bankruptcy Act was intended to protect and rehabili-

tate debtors. It should not be used as a shield behind which a debtor may sustain the misappropriation of a trade name to which he is not rightfully entitled. Nor will this Court permit it to be used as an instrument by which the damages to an innocent party may be increased unnecessarily.").[5]

### III.

■ The automatic stay of § 362(a)(3) does not prevent this Court from entertaining plaintiff's patent suit. However, the fact that "a court has the raw power to do something does not imply that it should." *In the Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.,* 140 B.R. 969, 976 (N.D.Ill. 1992). Infinity asks this Court to transfer venue to the Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C. §§ 1404 and 1412.[6] The Court agrees that transfer of venue to the Bankruptcy Court is appropriate in this case.

The general transfer statute found at 28 U.S.C. § 1404(a) provides, in pertinent part: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1412 is the transfer statute governing bankruptcy matters. It provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

---

**5.** In its supplemental brief, Larami argues, for the first time, that 28 U.S.C. § 959(a) allows it to commence this patent infringement action notwithstanding the automatic stay provisions of 11 U.S.C. § 362(a). Because the Court has held that the automatic stay of 11 U.S.C. § 362(a) does not bar Larami from asserting its claims before this Court, we need not consider the applicability of the exception to the automatic stay contained in § 959(a).

**6.** As an initial matter, the Court notes that the Bankruptcy Court is able to exercise jurisdiction over this case as it is a matter "relating to" the bankruptcy proceedings under 28

U.S.C. § 157(a). "An action is related to bankruptcy if the outcome could alter the debtor's rights liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984), overruled on other grounds by, *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Clearly, the resolution of this patent infringement suit will impact the administration of the bankruptcy estate.

■ Although the statutes mention only two factors, the interests of justice and convenience of the parties, the Third Circuit has outlined several additional factors for the court's consideration: (1) plaintiff's choice of forum; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable law. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir.1995).[7] The moving party has the burden of demonstrating by a preponderance of the evidence that transfer is appropriate. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). However, the ultimate decision to transfer venue is committed to the discretion of the district court. *Krystal Cadillac, Inc. v. General Motors Corp.*, 232 B.R. 622, 628 (E.D.Pa. 1999).

■ The Court has carefully considered the above-mentioned factors and concludes that transfer to the Bankruptcy Court is appropriate in this case. The majority of these factors do not weigh strongly for or against either venue.[8] However, factor number eight, practical considerations that could make the trial more expeditious, weighs heavily in favor of transfer. On December 22, 1999, Infinity and SUNCO USA, Inc. ("SUNCO") entered into a letter of intent concerning a proposed reverse merger of SUNCO into YES! to be effected by a Chapter 11 plan. (Infinity's supp. brief, Ex. H). The letter of intent states that the proposed merger is conditioned upon the resolution of all disputes with Larami regarding Yes!'s water gun products. (*Id.* at ¶ 7). Because the resolution of the patent infringement suit is integral to the proposed merger and Chapter 11 plan, the Court finds that judicial economy would be served by transferring this patent suit to the Bankruptcy Court. *See Howard Brown Co. v. Reliance Ins. Co.*, 66 B.R. 480, 482 (E.D.Pa.1986)(general rule is that the court where the bankruptcy case is pending is the proper venue for all related proceedings). The Court finds that the convenience of the parties and the interests of justice are best served by transfer-

7. Although the Court's decision in *Jumara* specifically related to a transfer request under the general transfer statute of 28 U.S.C. § 1404(a), courts have applied the same analysis to transfer requests under § 1412. *See In re Emerson Radio Corp.*, 52 F.3d 50, 55 (3d Cir.1995)(holding that the decision to transfer venue under either section 1404 or section 1412 generally turns on the same issues).

8. While the plaintiff's choice of its home forum is owed considerable deference, the choice is not dispositive. *Sandvik, Inc. v. Continental Ins. Co.*, 724 F.Supp. 303, 307 (D.N.J.1989). "The preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right." *Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F.Supp. 671, 681 (D.N.J.1993)(quoting *E.I. Dupont De Nemours & Co. v. Diamond Shamrock Corp.*, 522 F.Supp. 588, 592 (D.Del. 1981)). Factor number three is not relevant

here, "the claim does not concern a fixed physical object such that situs is of great import." *Mountbatten Surety Co. v. Reagerharris Inc.*, No. CIV.A. 99–3052, 2000 WL 39063, at *10 (E.D.Pa. Jan. 19, 2000). In light of the close proximity of this Court and the Bankruptcy Court for the District of Delaware and the fact that both Yes! and Larami are Delaware corporations, factors four, five and six do not suggest a preference for either district. No evidence has been introduced concerning court congestion or the public polices of the fora. Factor number seven, the enforceability of a judgment, supports Infinity's transfer request. As noted above, even if this Court were to enter a judgment of damages in favor of Larami, Larami would have to apply to the Bankruptcy Court for the stay to be lifted before it could execute a judgment against the bankruptcy estate. *See supra* note 4.

ring this case to the United States Bankruptcy Court for the District of Delaware.

### IV.

For the reasons set forth above, Infinity's motion to enforce the automatic stay of § 362(a)(3) is denied and Infinity's motion to transfer venue to the Bankruptcy Court for the District of Delaware is granted. The Court will enter an appropriate order.