## In re NEWPORT CREAMERY, INC., Debtor.

### No. 01–13196.

United States Bankruptcy Court, D. Rhode Island.

Feb. 15, 2002.

Edward J. Bertozzi, Jr., Edwards & Angell, Providence, RI, Dominic L. Massari, III, Massari Law Group, Tampa, FL, for debtor.

Joseph Avanzato, Adler, Pollock & Sheehan, Providence, RI, Joseph H. Baldiga, Mirick, O'Connell, DeMallie & Lougee, Worchester, MA, Mark 'J. Bernet, Stearns, Weaver, Miller, Weissler et al., Tampa, FL, John H. Bernstein, Kutak Rock LLP, Denver, CO, Mark E. Block, O'Brien Shafner Stuart, Kelly & Morris PC, Norwich, CT, David M. Boggs, MacFarlane, Ferguson & McMullen, Clearwater, FL, Paul J. Bogosian, Jr., Moore & Bogosian, Thomas E. Carlotto, Shechtman, Halperin & Savage, Providence, RI, Joseph P. Carroll, Woonsocket, RI, Barbara S. Cohen, Goldenberg & Muri, Providence, RI, Gerald Jr. D'Avolio, Assistant Attorney General, Boston, MA, Stephen DeLeo, Bristol, RI, William J. Delaney, Tillinghast, Licht, Perkins, Smith & Cohen, Providence, RI, Joseph M. DiOrio, Holland & Knight LLP, Providence, RI, Kenneth R. Dolbashian, c/o Chappell & Chappell, Portsmouth, RI,

Richard W. Epstein, Greenspoon, Marder, Hirschfield et al., Fort Lauderdale, FL, Brian K. Estep, Conway & Londregan PC, New London, CT, Deena C. Ethridge, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, MA, Larry M. Foyle, Tampa, FL, Gary M. Freedman, Tabas, Freedman & Soloff PA, Miami, FL, Peter J. Furness, Nixon Peabody LLP, Providence, RI, Lisa A. Geremia, Geremia & DeMarco, Providence, RI, Daniel B. Greenberg, Wilson, Orcutt, Cutter & Greenberg, P.C., Acton, MA, Van L. Hayhow, South Attleboro, MA, Gary P. Howayeck, Fall River, MA, Joseph, A. Keough, Jr., Keough & Sweeney, Pawtucket, RI, James M. Koelemay, General Counsel, Coca-Cola Fountain, Atlanta, GA, Jeffrey Kurtzman, Klehr, Harrison, Harvey et al., LLP, Philadelphia, PA, Lynda L. Laing, Strauss, Factor & Lopes, Providence, RI, Donald J. Lally, Jr., VanCouyghen & Lally, Wakefield, RI, Dennis J. LeVine, Dennis LeVine & Associates PA, Tampa, FL, Bernard J. Lemos, State of RI-Taxation, Providence, RI, John Levanti, Westerly, RI, Charles A. Lovell, Partridge, Snow & Hahn, Providence, RI, Christine D. Lynch, Goulston & Storrs, Boston, MA, Genevieve M. Martin, Assistant Attorney General, RI Dept. of Attorney General, Providence, RI, James A. Martin, MacFarlane, Ferguson & McMullen, Clearwater, FL, Warren J. Martin, Jr., Riker, Danzig, Scherer, Hyland & Perretti, Morristown, NJ, Robert Masters, Acadia Realty Trust, Port Washington, NY, John P. McCoy, Carroll, Kelly & Murphey, Providence, RI, Richard S. Mittleman, Cameron & Mittleman, Providence, RI, William J. O'Brien, Jr., William J. O'Brien Incorporated, South Kingstown, RI, Joan E. Pilver, Assistant Attorney General, Hartford, CT, Charles A. Pisaturo, Jr., Law Offices of Charles A. Pisaturo Jr., Providence, RI, Peter Brent Regan, Sayer, Meyer & Regan, Newport, RI, Stephen A. Rodio, Rodio & Brown, Providence, RI, Douglas B. Rosner, Goulston & Storrs, Boston, MA, W. Mark, Russo, Ferrucci, Russo PC, Providence, RI, Matthew J. Sgambettera, Deily, Dautel & Mooney LLP, Albany, NY, David M.S. Shaiken, David M.S. Shaiken PC, Hartford, CT, Justin T. Shay, Cameron & Mittleman, Providence, RI, Allan M. Shine, Winograd, Shine & Zacks, Providence, RI, Andrew G. Sholes, Sholes & Sholes, Warwick, RI, Philip C. Silverman, Stanton & Davis, Marshfield, MA, Scott T. Spear, Blish & Cavanagh, Providence, RI, Gregory A. Splagounias, U.S. Department of Labor, Office of the Solicitor, Boston, MA, Patrick J. Sullivan, Sullivan & Sullivan, Coventry Commons, Coventry, RI, Marc D. Wallick, Wallick & Paolino, Warwick, RI, for creditor.

Kevin H. Graham, Shumaker, Loop & Kendrick, LLP, Tampa, FL, pro se.

Robert N. Waldman, Warwick, RI, pro se.

### ORDER STRIKING NOTICE OF REMOVAL

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Newberg, LP and Robert E. Swain wish to remove to this Court a civil action pending against them in the Worcester County Superior Court in Massachusetts. From the outset, the Court questioned the efficacy of the removal, since the Applicants are not seeking removal of the case to a federal court for the "district and division" where the case is pending, see Fed. R. Bankr.P. 9027(a)(1); 28 U.S.C. § 1452(a), but the filing was accepted *de bene* on the Applicants' representation that there was ample case law supporting the filing in this Court. In hindsight, that was a mistake. Upon reviewing the case law cited by the Applicants, and after doing some of our own research, there is neither statutory

nor legal authority for the proposed removal. Accordingly, the Application is DENIED, and the Clerk is ordered to strike the pleading from the docket and to return the papers to the Applicants.

## BACKGROUND

Applicants are the defendants in a civil action brought against them in the Worcester County Superior Court, Commonwealth of Massachusetts, Docket No. 01–1596 B, entitled: *Bergson Ice Cream and Food Shops, Inc. v. Newberg LP and Robert E. Swain.* This is an action to recover on the personal guarantee of Robert Swain, of a promissory note given by Newberg LP to Bergson. The defendants allege that the Massachusetts litigation touches and concerns parties and assets common to the Rhode Island bankruptcy proceedings, over which this Court would otherwise have jurisdiction, and is therefore removable pursuant to Federal Rule of Bankruptcy Procedure 9027. The only significant activity in the state court action was on October 25, 2001, when a justice of the Worcester County Superior Court enjoined the defendants from transferring or encumbering assets. On November 8, 2001, the defendants applied here for removal of the Worcester Superior Court action to this Court, and for consolidation with the pending bankruptcy proceedings here.

## DISCUSSION

The statute under which the Applicants request removal says:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, *to the district court for the district where such civil action is pending,* if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a)(emphasis added). Additionally, Federal Rule of Bankruptcy Procedure 9027 provides:

(a) Notice of removal

(1) Where filed; form and content A notice of removal shall be filed *with the clerk for the district and division within which is located the state or federal court where the civil action is pending.*

Fed. R. Bankr.P. 9027(a)(1).

The Applicants have ignored the clear language of the statute in trying to fit within the mechanics of the removal procedure. The statute, which is unambiguous, requires the application for removal to be filed with *"the district court for the district where [the] civil action is pending."* 28 U.S.C. § 1452. In this case the District Court for the Western District of Massachusetts.

By itself, the statute is a sufficient procedural barrier to the request, and the discussion should end here, but the Applicants persist, arguing that the case law tells a different story. They offer two cases, *Cook v. Cook,* 215 B.R. 975 (Bankr. E.D.Mich.1997), and *In re Aztec Industries,* 84 B.R. 464 (Bankr.N.D.Ohio 1987), in support of the argument that removal need not be to the District Court of the *same* district in which the state court case was filed, but may be made directly to this Court. The proffered cases do not stand for the premise being advocated by the Applicants.

In *Cook,* 215 B.R. 975, the state action was filed in Tuscola County, Michigan, against a person who had previously filed for bankruptcy in the Bankruptcy Court for the Northern District of California. The defendant tried to remove the case

from the Tuscola County Court to the Bankruptcy Court for the Eastern Division of Michigan (the Bankruptcy Court in which the state action had been filed). The Court in *Cook* discussed several issues not raised by the parties, including whether it had jurisdiction over the removed action because it involved property of the estate which was under the exclusive jurisdiction of the California bankruptcy court, pursuant to 28 U.S.C. § 1334(e). The Court did not suggest, however, that the application for removal could be filed in the first instance in California. The Court instructed the parties to file briefs addressing the jurisdictional issue, and to provide legal authority regarding the transfer of venue to California. After hearing additional argument, the Court in a subsequent opinion granted the defendant's motion for remand because the removing party failed to demonstrate that the Michigan bankruptcy court had jurisdiction to hear the removed case. *See Cook v. Cook,* 220 B.R. 918 (Bankr. E.D.Mich.1997). While the Court recognized that following the removal statute would not get the case to the California bankruptcy court, which appeared to have exclusive jurisdiction, it did note that the party seeking removal could always ask to have the California bankruptcy case transferred to Michigan. *Id.* at 919–20. The bottom line, however, is that this opinion does not stand for the proposition that a case can be removed to a bankruptcy court not lying in the district and division where the state court action is pending.

The fact pattern in *Aztec Industries,* 84 B.R. 464, is quite similar to that in *Cook, supra.* Aztec Industries was the plaintiff in a state action that had been commenced in the Court of Common Pleas, Allen County, Ohio. Subsequently, Aztec filed for bankruptcy in the Northern District of Oklahoma. Wishing to consolidate the matters, Aztec moved for removal of the state action to the Bankruptcy Court for the Northern District of Ohio (the district which encompasses Allen County, where the state case had been filed), and subsequently moved to transfer the case to the Bankruptcy Court in Oklahoma where their bankruptcy case was pending. The issue in *Aztec Industries* was whether Aztec could bypass the district court and file its motion for removal directly with the bankruptcy court. Citing reasons of efficiency, as well as the existence of a standing order by the District Court for the Northern District of Ohio mandating referral of all bankruptcy cases to the bankruptcy court for that District, the court allowed removal and transferred the case to Oklahoma. Again, *Aztec* does not say or suggest that the pending state court case could have been removed from the State Court in Ohio to the Bankruptcy Court in Oklahoma.

Applicants provide no helpful authority to support their removal request, and the cases they do cite are so inapposite that their use in these circumstances is probably sanctionable. Accordingly, the Application for Removal, Docket No. 388, is stricken, and the Clerk is ordered to return the original papers to the Applicants.[1]

---

1. While this matter was under advisement, Bergson Ice Cream, the plaintiff in the State Court action, filed an objection to removal on the ground that the request is untimely. As this objection is now moot, it too is stricken and should be returned to Bergson.